UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA TO<br><br>RECORDING INDUSTRY ASSOCIATION OF AMERICA<br><br><br><br><br><br><br><br><br><br> ) ) ) ) ) ) ) ) ) ) ) ) | **Case: 1:18-mc-00090**<br>**Assigned To : Boasberg, James E.**<br>**Assign. Date : 7/6/2018**<br>**Description: Misc.**<br><br>*UMG Recordings, Inc., et al. v. Grande Communications Networks LLC*, No. 1:17-cv-00365-LY (W.D. Tex.) |

## <u>GRANDE COMMUNICATION NETWORKS LLC'S MOTION TO COMPEL</u>

Movant Grande Communications Networks LLC ("Grande") seeks to enforce a federal subpoena (attached as Ex. 1) duly served on Recording Industry Association of America ("RIAA"), requiring the production of documents in an underlying secondary copyright infringement action pending in the Western District of Texas, *UMG Recordings, Inc., et al. v. Grande Communications Networks LLC*, No. 1:17-cv-00365-LY. The subpoena complied with FED. R. CIV. P. 45, was personally served on counsel for RIAA with consent on April 6, 2018 and commanded compliance in Arlington, VA nearby RIAA's headquarters in Washington, DC.

As reflected in RIAA's Objections and Responses to Defendants' Rule 45 Subpoena (attached as Ex. 2), RIAA has withheld two significant categories of relevant documents from its production: (1) its communications and agreements with Rightscorp (an investigative entity, hired by RIAA to investigate alleged infringement by Grande subscribers, as well as others) and other Rightscorp related documents and communications[1]; and (2) documents requested by

---

[1] *See* Ex. 2, requests 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 17, and 18.

RECEIVED

JUL - 6 2018

Clerk, U.S. District and
Bankruptcy Courts

Grande regarding relevant subject matter, but which do not expressly mention Grande (or Defendant Patriot Media Consulting, LLC, now dismissed).[2]  Despite Grande's repeated efforts to resolve these objections, RIAA refused to produce documents requested in Grande's subpoena which fell into one or both of these two categories.  Because RIAA failed to establish the basis for its claim of privilege over the withheld Rightscorp documents (category 1) and unduly limited its production of relevant documents (category 2), Grande seeks an order overruling RIAA's objections and compelling RIAA to produce all withheld documents immediately, to Fed. R. Civ. P. 45(d)(2)(B)(i).

## FACTUAL BACKGROUND

In the underlying copyright infringement action in the Western District of Texas, Plaintiffs are record companies who seek to hold Defendant Grande, an Internet service provider in Texas, secondarily liable for the alleged direct infringement of its subscribers. *See generally* Complaint, attached as Ex. 3.  Plaintiffs claim they used a copyright enforcement company called Rightscorp, Inc. ("Rightscorp") to investigate and identify infringements by Grande subscribers over BitTorrent peer-to-peer file sharing systems and to provide notice thereof to Grande. *Id.* at ¶¶ 4, 43.  Plaintiffs filed suit against Grande on April 21, 2017.  Plaintiffs are all members of RIAA.

## JURISDICTION

Because the subpoena is directed to RIAA at its principal place of business located at 6205-B Peachtree Dunwoody Road NE, Atlanta, GA 30328, this Court has jurisdiction over this miscellaneous case seeking enforcement of the subpoena. *See* Fed. R. Civ. P. 45(f), Advisory Committee Notes (2013 Amendment).  Where the commanded party objects to a subpoena duces

---

[2] *See* Ex. 2, requests 6, 7, 8, 9, 10, 11, 12, and 13.

tecum, Rule 45(d)(2)(B)(i) allows the serving party "[a]t any time, on notice to the commanded person" to "move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). The primary responsibility for enforcing Rule 45 subpoenas resides in the district where compliance is required. *Madigan v. Bronstein*, No. 18MC61, 2018 WL 1768283, at *3 (S.D.N.Y. Apr. 12, 2018).

## ARGUMENT

### I.   GRANDE'S SUBPOENA FOR RIAA DOCUMENTS IS REASONABLE IN SCOPE AND NARROWLY TAILORED TO RELEVANT SUBJECT MATTER.

Grande sought documents directly related to the copyright infringement claim against it. The following list summarizes the relevant requests at issue in this motion:

#3 – Documents relating to the decision to send copyright infringement notices to Grande

#5 – Documents describing the Rightscorp System used to monitor file sharing networks

#6 – Documents reflecting negative feedback or criticism of the Rightscorp System

#7 – Documents reflecting negative feedback or criticism of the Rightscorp Notices

#8 – Documents referring to flaws or problems with the Rightscorp System

#9 – Documents referring to the flaws in the Rightscorp System's ability to detect specific instances of copyright infringement

#10 – Documents referring to deficiencies identified by ISPs regarding the Rightscorp notices

#11 - Documents referring to deficiencies identified by ISPs regarding the Rightscorp System

#12 – Documents reflecting action taken by Rightscorp to address deficiencies in the Rightscorp System or Notices

#13 - Documents reflecting action taken by MarkMonitor to address deficiencies in the MarkMonitor System or Notices

#14 – Documents reflecting communications between the RIAA and Rightscorp regarding Grande

> #17 – Documents reflecting RIAA's engagement of Rightscorp and communications with Rightscorp
>
> #18 – Documents reflecting RIAA's internal and external communications regarding Rightscorp's technology

*See* Ex. 1. These materials are essential for Grande to use in its own investigation regarding Rightscorp, which is perhaps the most important source of evidence in this case. Any prior statements, emails, testimony by Rightscorp, RIAA, and/or Plaintiffs about Rightscorp, its system, or its contractual relationships are plainly relevant and discoverable. Neither Plaintiffs nor Rightscorp have produced virtually any of these materials, so Grande's only resource to obtain them is through this subpoena to RIAA.

## II.     RIAA'S OBJECTIONS SHOULD BE OVERRULED.

In response to these document requests in the RIAA subpoena, RIAA served extensive objections. In the course of meeting and conferring with counsel for RIAA, the two categories of objections that RIAA refused to withdraw and relied upon to withhold responsive documents were (1) the claim of attorney client privilege/work product protection/common interest doctrine over communications, etc. between RIAA and Rightscorp and (2) limiting its production to documents that expressly related to Grande. *See* Ex. 2.

With respect to category 1, RIAA has an obligation to "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A)(ii). "Under the federal common law, the proponent bears the burden of demonstrating the applicability of any asserted privilege." *In re Veiga*, 746 F. Supp. 2d 27, 33–34 (D.D.C. 2010) (citing *Fed. Trade Comm'n v. TRW, Inc.,* 628 F.2d 207, 213 (D.C.Cir.1980). RIAA did not produce a privilege log, and Grande submits that RIAA's written objections do not

provide the information required by this Rule.  RIAA has the burden of proving that its communications with or regarding Rightscorp are privileged or within the scope of a common legal interest between RIAA and Rightscorp.  RIAA has not established that Rightscorp is an attorney or a client entitled to protected communications, or that Rightscorp has any legal interest in common with RIAA[3] which is entitled to protection.

Indeed, Rightscorp was merely a "hired gun" used to investigate infringement and Plaintiffs are expressly relying on Rightscorp's investigation and notices as the lynchpin of their case against Grande.  Ex. 3 at ¶¶ 4, 43.  Neither Plaintiffs nor RIAA has admitted that Rightscorp was their agent.  To the contrary, it appears that Rightscorp served as a mere vendor performing services.  RIAA's objections fail to prove otherwise.  "In discharging its burden, the proponent must adduce competent evidence in support of its claims. Consistent with these strictures, the proponent of the privilege must offer more than just conclusory statements, generalized assertions, and unsworn averments of its counsel. Where the proponent fails to adduce sufficient facts to permit the court to conclude with reasonable certainty that the privilege applies, its burden is not met." *Viega*, 746 F. Supp. 2d at 33-34.  Because RIAA has failed to prove that an applicable privilege justifies withholding the requested documents, its objections should be overruled and the requested documents should be produced immediately.

With respect to category 2, RIAA has unilaterally chosen to limit its production to documents that refer or relate to Grande or Patriot only.  *See* Ex. 2 requests 6, 7, 8, 9, 10, 11, 12,

---

[3] RIAA has not articulated how Rightscorp has a common <u>legal</u> interest with RIAA, but it is clear that any business or commercial interest it may have in common is insufficient.  *See Intex Recreation Corp. v. Team Worldwide Corp.*, 471 F. Supp. 2d 11, 16 (D.D.C. 2007) ("if a common interest agreement has been proved to exist, the party seeking to rely on the doctrine must still demonstrate that the specific communications at issue were designed to facilitate a common legal interest; a business or commercial interest will not suffice").

and 13.  Many of the Rightscorp documents in RIAA's possession may discuss the Rightscorp

system or Rightscorp notices yet they may not mention Defendants.  This does not justify

withholding them from production.  Documents discussing flaws in the Rightscorp system or its

notices are relevant, regardless of whether they mention Defendants.  Accordingly, RIAA's

objections should be overruled and the document produced immediately.

## CONCLUSION

For the foregoing reasons, Grande respectfully requests that the Court grant this Motion

to Compel, issue an order to compelling Cox to produce all responsive documents immediately.


Dated:  July 6, 2018

By: _____

David Ross, Esq. (#461733)
Wilson Elser Moskowitz Edelman & Dicker
LLP
700 11th Street, NW, Suite 400
Washington, D.C. 20001
202.626.7687 (Direct)
202.626.7660 (Main)
202.628.3606 (Fax)
david.ross@wilsonelser.com

Nicholas B. Clifford (pro hac vice being
filed)
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
nclifford@armstrongteasdale.com

Attorneys for Defendant GRANDE
COMMUNICATIONS NETWORKS LLC



Zachary C. Howenstine

Direct T 314.342.4169  F 314.613.8588

zhowenstine@armstrongteasdale.com

MISSOURI KANSAS COLORADO NEVADA ILLINOIS

April 5, 2018

Recording Industry Association of America, 1025 F St. NW, 10th Floor, Washington DC 20004
C/o Registered Agent
Corporation Services Company
1090 Vermont Ave., NW
Washington, DC 20005

**Re:**  ***UMG Recordings, Inc. et al v. Grande Communications Networks LLC et al.***
      **Case No. 1:17-cv-365-LY, USDC, Western District of Texas**

To Whom It May Concern:

Enclosed is a subpoena requiring Recording Industry Association of America to produce documents and appear for a deposition in connection with the case styled *UMG Recordings, Inc. et al. v. Grande Communications Networks LLC et al.*, currently pending in the U.S. District Court for the Western District of Texas.  Also enclosed is a copy of the Court's Protective Order, which governs the disclosure of confidential information produced in the case.

Please contact me at your earliest convenience to discuss a plan for the production of documents and, if necessary, to coordinate a mutually agreeable time and place for the deposition.

Thank you.

Sincerely,

Zachary C. Howenstine

Enclosures

**EXHIBIT 1**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| UMG Recordings Inc. et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:17-cv-00365-LY |
| Grande Communications Networks LLC et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        Recording Industry Association of America, 1025 F St. NW, 10th Floor, Washington DC 20004
c/o Registered Agent, Corporation Services Company, 1090 Vermont Ave. NW, Washington DC 20005
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attachment A, attached hereto.

| Place:  Henderson Legal Services 1560 Wilson Blvd #750, Arlington, VA 22209 | Date and Time: 05/07/2018 9:00 am |
|---|---|

The deposition will be recorded by this method:    certified court reporter; video

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Attachment B. Please produce all documents to undersigned counsel no later than April 23, 2018.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      04/05/2018

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Zachary C. Howenstine |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Grande Communications Networks LLC
, who issues or requests this subpoena, are:
Z. Howenstine, 7700 Forsyth Blvd Ste 1800, St Louis MO 63105; zhowenstine@armstrongteasdale.com; 314-342-4169

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:17-cv-00365-LY

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

    ❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**DEFINITIONS**

1.      "Recording Industry Association of America," "RIAA," "you," and "your" refers to Recording Industry Association of America, its parents, subsidiaries, divisions, predecessors, successors, affiliates, and any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf.

2.      "Grande" means Grande Communications Networks LLC, and any subsidiary, predecessors, successors, affiliates, any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf.

3.      "Patriot" means Patriot Media Consulting, LLC, and any subsidiary, predecessors, successors, affiliates, any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf.

4.      "Universal Plaintiffs" means the following entities: UMG Recordings, Inc., Capitol Records, LLC, Capitol Christian Music, Group, Inc. Fonovisa, Inc., Roc-A-Fella Records, LLC, and Tooth & Nail, LLC), and any subsidiary, predecessors, successors, and affiliates, and any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on behalf of any of the Universal Plaintiffs.

5.      "Sony Plaintiffs" means the following entities: Sony Music Entertainment, Arista Records LLC, Arista Music, LaFace Records LLC, and Zomba Recording LLC, and any subsidiary, predecessors, successors, and affiliates, and any present or former agent, employee, representative director, office, or any other person acting or purporting to act on behalf of any of the Sony Plaintiffs.

6.      "Warner Plaintiffs" means the following entities: Warner Bros. Records Inc.,

Atlantic Recording Corporation, Elektra Entertainment Group Inc., Fueled by Ramen LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., and any subsidiary, predecessors, successors, and affiliates, and any present or former agent, employee, representative director, office, or any other person acting or purporting to act on behalf of any of the Warner Plaintiffs.

7.      "Plaintiffs" refers to any individual entity or any combination of the entities included in the Universal Plaintiffs, the Sony Plaintiffs, and/or the Warner Plaintiffs.

8.      "Complaint" means the Complaint (attached as Exhibit 1 to this subpoena) filed in this action.

9.      "And" and "or" shall be construed disjunctively or conjunctively, as necessary, so as to have the broadest possible meaning.

10.      Where appropriate, the singular form of a word shall be interpreted in the plural, and vice versa, to have the broadest possible meaning.

11.      "Including" shall be given its broad, natural meaning, and shall not be interpreted as limiting.

12.       "Document" means any writing or other record in any form, electronic or hard copy, and includes all items contemplated within Rule 34 of the Federal Rules of Civil Procedure, including without limitation writings, drawings, graphs, charts, photographs, phonorecords, emails, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonable usable form, as broadly construed.

13.      "ISP" means any business or organization that is an internet service provider.

14.      "BitTorrent" means the BitTorrent communications protocol for peer-to-peer file

sharing used to distribute data and electronic files over the internet.

15.     "Peer-to-Peer" means computer networks in which each computer can act as a server for others, allowing shared access to files and peripherals without the need for a central server.

16.     "Grande Subscriber" means any account holder or subscriber of internet services provided by Grande.

17.      "Rightscorp" refers to Rightscorp, Inc., its parents, subsidiaries, divisions, predecessors, successors, affiliates, and any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf.

18.     "Rightscorp System" means the technological system that Rightscorp uses to monitor and extract information from Peer-to-Peer file sharing networks, as well as send notices of alleged infringement to internet services providers.

19.     "Rightscorp Notice" means the notices sent by Rightscorp to an ISP identifying instances of alleged infringement of copyrighted works committed by a subscriber of the ISP.

20.     "MarkMonitor" refers to MarkMonitor, Inc., its parents, subsidiaries, divisions, predecessors, successors, affiliates, and any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf

21.     "MarkMonitor System" means the technological system that MarkMonitor uses to monitor and extract information from Peer-to-Peer file sharing networks, as well as send notices of alleged infringement to internet services providers.

22.     "MarkMonitor Notice" means the notices sent by MarkMonitor to an ISP identifying instances of alleged infringement of copyrighted works committed by a subscriber of the ISP.

## MATTERS FOR EXAMINATION

1.      The processes, procedures, and methods by which Rightscorp, Markmonitor, or other entities monitor Peer-to-Peer file sharing networks in order to identify alleged infringers of copyrighted works, including through use and operation of the Rightscorp System, the MarkMonitor System or any third-party software.

2.      The capabilities and functionality of the Rightscorp System, the MarkMonitor System, or other similar systems for monitoring and detecting Peer-to-Peer file sharing activity associated with a particular internet subscriber and a particular ISP, including but not limited to the ability to identify an internet subscriber that has downloaded a copyrighted work and subsequently provide a Rightscorp Notice or a MarkMonitor Notice or similar notice to the ISP that provides internet service to that same internet subscriber.

3.      The considerations that informed any decision(s) by the RIAA directly or on behalf of the Plaintiffs to send and continue sending Rightscorp Notices, MarkMonitor Notices or similar notices to Grande.

4.      The considerations and negotiations that resulted in the RIAA's engagement of Rightscorp and MarkMonitor for purposes of sending Rightscorp Notices or MarkMonitor Notices to Grande and/or bringing this lawsuit against Grande and Patriot.

5.      All agreements and the terms thereof between the RIAA and Rightscorp relating in any way to the claims in this lawsuit against Grande.

6.      All agreements and the terms thereof between the RIAA and MarkMonitor relating in any way to copyright infringement claims against any ISPs.

7.      RIAA's knowledge regarding Grande's alleged liability for acts of copyright infringement by Grande Subscribers.

8.      The development, testing, and evaluation of the software that embodies the Rightscorp System.

9.      The development, testing, and evaluation of the software that embodies the MarkMonitor System.

10.      The basis for any assertion(s) that a particular Grande Subscriber has committed copyright infringement or infringed one of the copyrighted works belonging to any of the Plaintiffs.

11.      Any values, conditions, or other quantifiable measures that the Rightscorp System detects or utilizes in order to identify an alleged infringer or send a Rightscorp Notice.

12.      Any values, conditions, or other quantifiable measures that the MarkMonitor System detects or utilizes in order to identify an alleged infringer or send a MarkMonitor Notice.

13.      RIAA's knowledge of actual, potential, or alleged flaws, weaknesses, deficiencies, inefficiencies, errors, lack or absence of features or functionality, performance issues, modifications or improvements needed, or any other problem associated with the Rightscorp System and Rightscorp Notices, including but not limited to the Rightscorp System's ability to detect and identify activity associated with copyright infringement.

14.      RIAA's knowledge of actual, potential, or alleged flaws, weaknesses, deficiencies, inefficiencies, errors, lack or absence of features or functionality, performance issues, modifications or improvements needed, or any other problem associated with the MarkMonitor System and MarkMonitor Notices, including but not limited to the MarkMonitor System's ability to detect and identify activity associated with copyright infringement.

15.     RIAA's knowledge of Rightscorp Notices that were inaccurate, incomplete, or otherwise improperly sent to a recipient ISP.

16.     RIAA's knowledge of MarkMonitor Notices that were inaccurate, incomplete, or otherwise improperly sent to a recipient ISP.

17.     RIAA's receipt of communications from ISPs identifying legal and/or factual issues with Rightscorp Notices and/or the Rightscorp System.

18.     RIAA's receipt of communications from ISPs identifying legal and/or factual issues with MarkMonitor Notices and/or the MarkMonitor System.

19.     RIAA's actions or efforts to address, attend to, or remedy actual, potential, or alleged issues or problems with the Rightscorp System or Rightscorp Notices.

20.     RIAA's actions or efforts to address, attend to, or remedy actual, potential, or alleged issues or problems with the MarkMonitor System or MarkMonitor Notices.

21.     All business relationships and associations between RIAA and any of the Plaintiffs.

22.     RIAA's engagement of Rightscorp, including communications and negotiations with Rightscorp.

23.     RIAA's communications regarding Rightscorp's technology, including internal communications and external communications.

24.     All payments or consideration paid by or on behalf of the RIAA to Rightscorp.

25.     The substance of the documents produced in response to Attachment B.

26.     The efforts and actions taken by RIAA in order to identify and locate responsive documents and prepare a witness to provide testimony in response to this subpoena.

## ATTACHMENT B

## DEFINITIONS

1.      "Recording Industry Association of America," "RIAA," "you," and "your" refers to Recording Industry Association of America, its parents, subsidiaries, divisions, predecessors, successors, affiliates, and any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf.

2.      "Grande" means Grande Communications Networks LLC, and any subsidiary, predecessors, successors, affiliates, any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf.

3.      "Patriot" means Patriot Media Consulting, LLC, and any subsidiary, predecessors, successors, affiliates, any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf.

4.      "Universal Plaintiffs" means the following entities: UMG Recordings, Inc., Capitol Records, LLC, Capitol Christian Music, Group, Inc. Fonovisa, Inc., Roc-A-Fella Records, LLC, and Tooth & Nail, LLC), and any subsidiary, predecessors, successors, and affiliates, and any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on behalf of any of the Universal Plaintiffs.

5.      "Sony Plaintiffs" means the following entities: Sony Music Entertainment, Arista Records LLC, Arista Music, LaFace Records LLC, and Zomba Recording LLC, and any subsidiary, predecessors, successors, and affiliates, and any present or former agent, employee, representative director, office, or any other person acting or purporting to act on behalf of any of the Sony Plaintiffs.

6.      "Warner Plaintiffs" means the following entities: Warner Bros. Records Inc.,

Atlantic Recording Corporation, Elektra Entertainment Group Inc., Fueled by Ramen LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., and any subsidiary, predecessors, successors, and affiliates, and any present or former agent, employee, representative director, office, or any other person acting or purporting to act on behalf of any of the Warner Plaintiffs.

7.     "Plaintiffs" refers to any individual entity or any combination of the entities included in the Universal Plaintiffs, the Sony Plaintiffs, and/or the Warner Plaintiffs.

8.     "Complaint" means the Complaint (attached as Exhibit 1 to this subpoena) filed in this action.

9.     "And" and "or" shall be construed disjunctively or conjunctively, as necessary, so as to have the broadest possible meaning.

10.     Where appropriate, the singular form of a word shall be interpreted in the plural, and vice versa, to have the broadest possible meaning.

11.     "Including" shall be given its broad, natural meaning, and shall not be interpreted as limiting.

12.     "Document" means any writing or other record in any form, electronic or hard copy, and includes all items contemplated within Rule 34 of the Federal Rules of Civil Procedure, including without limitation writings, drawings, graphs, charts, photographs, phonorecords, emails, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonable usable form, as broadly construed.

13.     "ISP" means any business or organization that is an internet service provider.

14.     "BitTorrent" means the BitTorrent communications protocol for peer-to-peer file

sharing used to distribute data and electronic files over the internet.

15.    "Peer-to-Peer" means computer networks in which each computer can act as a server for others, allowing shared access to files and peripherals without the need for a central server.

16.    "Grande Subscriber" means any account holder or subscriber of internet services provided by Grande.

17.    "Rightscorp" refers to Rightscorp, Inc., its parents, subsidiaries, divisions, predecessors, successors, affiliates, and any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf.

18.    "Rightscorp System" means the technological system that Rightscorp uses to monitor and extract information from Peer-to-Peer file sharing networks, as well as send notices of alleged infringement to internet services providers.

19.    "Rightscorp Notice" means the notices sent by Rightscorp to an ISP identifying instances of alleged infringement of copyrighted works committed by a subscriber of the ISP.

20.    "MarkMonitor" refers to MarkMonitor, Inc., its parents, subsidiaries, divisions, predecessors, successors, affiliates, and any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf

21.    "MarkMonitor System" means the technological system that MarkMonitor uses to monitor and extract information from Peer-to-Peer file sharing networks, as well as send notices of alleged infringement to internet services providers.

22.    "MarkMonitor Notice" means the notices sent by MarkMonitor to an ISP identifying instances of alleged infringement of copyrighted works committed by a subscriber of the ISP.

3

## INSTRUCTIONS

1.      You are to search for all documents and things within your possession, custody, or control, wherever located, including without limitation any documents or things placed in storage facilities or within the possession, custody, or control of any agent, employee, representative, attorney, investigator, or other person acting or purporting to act on your behalf (whether located at his or her residence or place of business) to fully respond to the requests.

2.      Each request shall be deemed to call for the production of legible copies of the original document(s) or things(s) responsive to each request.  Original documents and things shall be made available for inspection upon request.  In addition, any copy of a document or thing shall be produced if it differences in any respect from the original (*i.e.* by reason of handwritten notes, comments, marginalia or any addition or deletion to the copy which does not appear on the original).

3.      If you object to any request, state the ground(s) of the objection with sufficient specificity to permit the determination of the basis(es) for such objections.  Objection to a portion of any request does not relieve you of the duty to respond to the parts that you do not object to.

4.      If a privilege or immunity is claimed with respect to any document or thing required by these requests, you shall provide a "Privilege Log" pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure including the following information regarding such document:

(A)      the identification of the document by author and title or, if untitled, the general nature of the document (e.g. memorandum, handwritten note, report, etc.);

(B)      the date on which the document was created;

(C)      a brief summary of the subject matter to which the document relates;

4

(D)     the identities of persons who received the documents;

(E)     the precise legal grounds upon which the claim of privilege or immunity is made; and

(F)     any further information necessary for Grande to assess the applicability of the privilege.

5.     You should label the documents produced to correspond to the document request to which the documents are responsive.

6.     If a document requested was, but is no longer, in your possession, custody, or control, you should state whether the document: (1) is missing or lost; (2) has been destroyed; (3) has been transferred, voluntarily or involuntarily, to others; or (4) has otherwise been disposed of.  For each instance, explain the circumstances surrounding such disposition, the date or approximate date of such disposition, and the names and residences and business addresses of those persons with knowledge of such circumstances.

7.     These requests are propounded on a continuing basis, and you shall promptly supplement your responses hereto as and when additional documents called for herein come to your attention.

## REQUESTS FOR DOCUMENTS

1.     Documents and communications that refer or relate to agreements between you and any Plaintiff that pertain to Grande, Patriot, or this lawsuit, including but not limited to any agreement relating to use of evidence in a legal proceeding and any agreements relating to payment or remuneration derived from an award obtained by the RIAA or Plaintiffs in a legal proceeding.

5

2.      Documents that refer or relate to communications between you and any of the Plaintiffs concerning Grande, Patriot, and/or Grande Subscribers.

3.      Documents that refer or relate to the considerations that informed the decision(s) for sending notices of alleged copyright infringement such as Rightscorp Notices or MarkMonitor Notices to Grande.

4.      Documents that refer or relate to the ability of the Rightscorp System, or the MarkMonitor System, or similar systems that purport to monitor and extract information from Peer-to-Peer file sharing networks to observe or detect specific instances of copyright infringement by subscribers of ISPs over Peer-to-Peer file sharing networks.

5.      Documents that refer, relate to, or constitute marketing materials, business plans, whitepapers, product manuals and specifications, and other materials that describe the features, functionality, capabilities, and operation of the Rightscorp System, or the MarkMonitor System, or similar systems that purport to monitor and extract information from Peer-to-Peer file sharing networks, as well as send notices of alleged infringement to internet services providers.

6.      Documents that refer or relate to negative feedback or criticism of the Rightscorp System, the MarkMonitor System, and/or similar systems that purport to monitor and extract information from Peer-to-Peer file sharing networks.

7.      Documents that refer or relate to negative feedback or criticism of the Rightscorp Notices, or MarkMonitor Notices, or other infringement notices sent to users of Peer-to-Peer file sharing networks.

8.      Documents that refer or relate to flaws, weaknesses, deficiencies, inefficiencies, errors, lack or absence of features or functionality, performance issues, modifications or improvements needed, or any other problem associated with the Rightscorp System, or the

MarkMonitor System, or similar systems that purport to monitor and extract information from Peer-to-Peer file sharing networks, as well as send notices of alleged infringement to internet services providers.

9.      Documents that refer or relate to actual, potential, or alleged problems, limitations, or flaws concerning the ability to detect specific instances of copyright infringement in the Rightscorp System, or the MarkMonitor System, or similar systems that purport to monitor and extract information from Peer-to-Peer file sharing networks, as well as send notices of alleged infringement to internet services providers.

10.      Documents that refer or relate to legal and/or factual issues, deficiencies, or inaccuracies identified by ISPs regarding Rightscorp Notices, MarkMonitor Notices, or other infringement notices sent to users of Peer-to-Peer file sharing networks.

11.      Documents that refer or relate to legal and/or factual issues, deficiencies, or inaccuracies identified by ISPs regarding the Rightscorp System, or the MarkMonitor System, or similar systems that purport to monitor and extract information from Peer-to-Peer file sharing networks, as well as send notices of alleged infringement to internet services providers.

12.      Documents that refer or relate to efforts or actions taken by Rightscorp to address or remedy any inaccuracies or deficiencies associated with the Rightscorp System or Rightscorp Notices.

13.      Documents that refer or relate to efforts or actions taken by MarkMonitor to address or remedy any inaccuracies or deficiencies associated with the MarkMonitor System or MarkMonitor Notices.

14.      Documents reflecting communications between the RIAA and Rightscorp regarding Grande.

7

15.     Documents reflecting communications between the RIAA and MarkMonitor regarding Grande.

16.     Documents reflecting communications between the RIAA and any third-party (i.e., not a Plaintiff) regarding Grande.

17.     Documents reflecting RIAA's engagement of Rightscorp, including communications and negotiations with Rightscorp.

18.     Documents reflecting RIAA's communications regarding Rightscorp's technology, including internal communications and external communications.

19.     Documents reflecting all payments or consideration paid by or on behalf of the RIAA to Rightscorp.

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, WARNER BROS. RECORDS INC., SONY MUSIC ENTERTAINMENT, ARISTA RECORDS LLC, ARISTA MUSIC, ATLANTIC RECORDING CORPORATION, CAPITOL CHRISTIAN MUSIC GROUP, INC., ELEKTRA ENTERTAINMENT GROUP INC., FONOVISA, INC., FUELED BY RAMEN LLC, LAFACE RECORDS LLC, NONESUCH RECORDS INC., RHINO ENTERTAINMENT COMPANY, ROADRUNNER RECORDS, INC., ROC-A-FELLA RECORDS, LLC, TOOTH & NAIL, LLC, and ZOMBA RECORDING LLC, | § § § § § § § § § § § § § § § § § § § | |
| Plaintiffs, | § § § | Civil Action No. 1:17-cv-365<br><br>Jury Trial Demanded |
| vs. | § § | |
| GRANDE COMMUNICATIONS NETWORKS LLC<br>and<br>PATRIOT MEDIA CONSULTING, LLC | § § § § § § | |
| Defendants | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Plaintiffs file their Original Complaint against Defendants and would respectfully show the Court as follows:

1428389

## I. **INTRODUCTION**

1.      This is a case about the ongoing infringement of Plaintiffs' copyrights by Grande Communications Networks LLC ("Grande"), its management company Patriot Media Consulting, LLC ("Patriot," and together with Grande, "Defendants"), and its internet service users, and Defendants' failure and refusal to prevent these users from repeatedly infringing those copyrights.

2.      Plaintiffs are record companies that produce, manufacture, distribute, sell, and license the great majority of all legitimate commercial sound recordings in this country.

3.      Defendant Grande is a Texas Internet Service Provider ("ISP") that provides internet services to customers in Austin, Dallas, San Antonio, and other locations throughout the state.  Defendant Patriot is a company that has provided, and continues to provide, management services to Grande.

4.      Defendants have been notified that their internet customers have engaged *in more than one million infringements* of copyrighted works over BitTorrent systems (as described herein), including *tens of thousands of blatant infringements by repeat infringers of Plaintiffs' copyrighted works*.  Despite their knowledge of repeat infringements, Defendants have permitted repeat infringers to use the Grande service to continue to infringe Plaintiffs' copyrights without consequence.  Upon information and belief, neither Grande nor its management company Patriot has taken any meaningful action to discourage this continuing theft, let alone suspend or terminate subscribers who repeatedly commit copyright infringement through its network, as required by law.  Upon information and belief, this is so even where Defendants have specific and actual knowledge of those subscribers' blatant, repeat infringement.

5.      Upon information and belief, Defendants' policy of refusing to take meaningful action against repeat infringers protects a significant revenue stream that Grande receives every

2

1428389

month from its many infringing subscribers. Defendants' effective acquiescence in this wholesale violation of Plaintiffs' rights, coupled with their failure to adopt and reasonably implement a policy to stop repeat infringers, excludes Defendants from the safe harbor protections of the Digital Millennium Copyright Act ("DMCA"). As a result, Defendants' knowledge of repeat infringements by identified subscribers occurring on Grande's service, along with their material contribution to, participation in, enablement of, and profiting from such infringement, renders Defendants liable for contributory and vicarious copyright infringement, and inducement of copyright infringement.

6.     Plaintiffs invest significant amounts of money, time, and effort to discover and develop recording artists, and to create, manufacture, advertise, promote, sell, and distribute sound recordings embodying their performances. Defendants' actions, including their refusal to prevent their users' repeat infringement of those works, have caused — and continue to cause — Plaintiffs significant and irreparable harm. Defendants' acts of infringement have eroded the legitimate sales and distribution of Plaintiffs' copyrighted sound recordings through physical and digital channels. Plaintiffs are entitled to preliminary and permanent injunctive relief to stop Defendants' ongoing violation of Plaintiffs' rights, as well as damages resulting from Defendants' egregious infringing conduct.

## II. JURISDICTION AND VENUE

7.     This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

9.     This Court has personal jurisdiction over Grande because Grande resides in and does systematic and continuous business in Texas and in this judicial district. Grande provides a

3

1428389

full slate of services in Texas, including internet, TV, and phone service, among others. Grande's corporate headquarters are located at 401 Carlson Circle, San Marcos, Texas, within this judicial district and division. Grande also has stores and service centers within this judicial district and division, including one at 911 W. Anderson Lane, Suite 123, Austin, TX 78757.

10.     This Court has personal jurisdiction over Patriot because Patriot does systematic and continuous business in Texas and in this judicial district and division, including providing executive and general counsel services to Grande at and through its corporate headquarters.

11.     In addition, many of the acts complained of herein occurred in Texas and in this judicial district. For example, many of the most egregious repeat infringers on Grande's network reside in Texas and in this judicial district. Plaintiffs have identified hundreds of accounts of Grande subscribers suspected of residing in Texas who have repeatedly infringed one or more of Plaintiffs' copyrighted works.

12.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(c), and/or 28 U.S.C. § 1400(a). A substantial part of the acts of infringement complained of herein occurs or has occurred in this judicial district, where Grande resides or may be found.

### III.     THE PARTIES

**A.     Plaintiffs**

13.     Plaintiff UMG Recordings, Inc. is a Delaware corporation with its principal place of business in Santa Monica, California.

14.     Plaintiff Capitol Records, LLC is a Delaware limited liability company with its principal place of business in Santa Monica, California.

15.     Plaintiff Warner Bros. Records Inc. is a Delaware corporation with its principal place of business in Burbank, California.

1428389

16.     Plaintiff Sony Music Entertainment is a Delaware partnership with its principal place of business in New York, New York.

17.     Plaintiff Arista Records LLC is a Delaware limited liability company with its principal place of business in New York, New York.

18.     Plaintiff Arista Music is a New York partnership with its principal place of business in New York, New York.

19.     Plaintiff Atlantic Recording Corporation is a Delaware corporation with its principal place of business in New York, New York.

20.     Plaintiff Capitol Christian Music Group, Inc. is a California corporation with its principal place of business in Santa Monica, California.

21.     Plaintiff Elektra Entertainment Group Inc. is a Delaware corporation with its principal place of business in New York, New York.

22.     Plaintiff Fonovisa, Inc. is a California corporation with its principal place of business in Santa Monica, California.

23.     Plaintiff Fueled by Ramen LLC is a Delaware limited liability company with its principal place of business in New York, New York.

24.     Plaintiff LaFace Records LLC is a Delaware limited liability company with its principal place of business in New York, New York.

25.     Plaintiff Nonesuch Records Inc. is a Delaware corporation with its principal place of business in New York, New York.

26.     Plaintiff Rhino Entertainment Company is a Delaware corporation with its principal place of business in Burbank, California.

1428389

27.     Plaintiff Roadrunner Records, Inc. is a New York corporation with its principal place of business in New York, New York.

28.     Plaintiff Roc-A-Fella Records, LLC is a New York limited liability company, with its principal place of business in New York, New York.

29.     Plaintiff Tooth & Nail, LLC is Delaware corporation with its principal place of business in Santa Monica, California.

30.     Plaintiff Zomba Recording LLC is a Delaware limited liability company with its principal place of business in New York, New York.

31.     Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, Warner Bros. Records Inc., Sony Music Entertainment, Arista Records LLC, Arista Music, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Tooth & Nail, LLC, and Zomba Recording LLC are collectively referred to herein as "Plaintiffs."

**B.      Defendants**

32.     Upon information and belief, Grande is a limited liability company organized and existing under the laws of the State of Delaware, with its headquarters at 401 Carlson Circle, San Marcos, TX 78666.

33.     Upon information and belief, Patriot is a limited liability company organized and existing under the laws of the State of New Jersey, with its headquarters at 650 College Road East, Suite 3100, Princeton, NJ 08540.   Patriot has provided, and continues to provide, management services to Grande.

1428389

## IV.      <u>FACTUAL BACKGROUND</u>

### Plaintiffs' Extensive and Valuable Copyrights

34.     Plaintiffs are the copyright owners of, or owners of exclusive rights with respect to, the great majority of copyrighted sound recordings sold in the United States, including sound recordings embodying the performances of some of the most popular and successful recording artists of all time, from Aerosmith to ZZ Top, Michael Jackson to Pink Floyd, Kanye West to Tony Bennett, Rihanna to Carrie Underwood, and many more.  Plaintiffs have invested, and continue to invest, significant money, time, effort, and creative talent to create, promote, sell, and license their sound recordings.

35.     Plaintiffs distribute and sell their sound recordings in the form of CDs and other tangible media throughout the United States, including in Texas.  Plaintiffs also sell, distribute, publicly perform and/or license their sound recordings in the form of digital audio files through legitimate and authorized digital services, such as iTunes, Amazon, Apple Music, Napster (formerly Rhapsody), and Spotify, which are available throughout the United States, including in Texas.

36.     Under the Copyright Act, Plaintiffs have the exclusive rights, among other things, to "reproduce the copyrighted work[s]," to "distribute copies or phonorecords of the copyrighted work[s] to the public," to "perform the copyrighted work publicly by means of a digital audio transmission," as well as to authorize or license such activities.  17 U.S.C. § 106.

37.     A non-exhaustive, illustrative list of Plaintiffs' federally copyrighted sound recordings that Defendants have illegally reproduced, distributed, and/or publicly performed for their users is attached hereto as Exhibit A (the "Copyrighted Sound Recordings").  Plaintiffs have received Certificates of Copyright Registration from the Register of Copyrights for each of

1428389

these Copyrighted Sound Recordings and/or have submitted complete applications for such registrations to the Copyright Office.

## Copyright Infringement Accomplished Over BitTorrent Systems

38.     Massive online infringement of copyrighted music and other digital works is a significant problem for the record industry, as well as for other content-owning industries. Historically, infringement occurred largely by an internet user downloading an entire copyrighted work from a website.  Then peer-to-peer (P2P) services, such as Napster and Grokster, enabled internet users to obtain copyrighted works directly from another internet user, limiting the effectiveness of measures taken against websites hosting copyrighted works for download on the internet.  Now infringement frequently occurs over BitTorrent networks that distribute the copyrighted works in small pieces using many users' computers working together. BitTorrent systems allow users to join a "swarm" of collaborating host computers to download and upload copyrighted works from each other simultaneously.  When a file is requested, BitTorrent software identifies multiple computers hosting the identical file, takes small pieces of the requested file from each of those host computers, and downloads them simultaneously onto the requester's computer where they will be reassembled into one file.  These pieces become immediately available for further distribution and download to other infringing users.

39.     BitTorrent allows large files, such as entire catalogs of recordings, to be transferred quickly and efficiently, all for free and without authorization from the owner of that content.  Moreover, the BitTorrent systems are designed so that the more files a user offers for download to others, the faster the user's own downloads become.  In this manner, BitTorrent systems reward the users who make the most copyrighted works available for download.  This results in a much more efficient system for unauthorized copying – speeding up the process and

8

shrinking the internet connection bandwidth for uploading and downloading. In a 2013 report, NetNames estimated that 99.97% of non-pornographic files distributed by BitTorrent systems infringe copyrights, and there is no evidence that this figure has changed since.

40.     The Copyright Act of 1976 ("Copyright Act") imposes liability not only on those that directly infringe copyrights, but also on those that induce or contribute to such infringement, or are vicariously liable for its occurrence. This is the case whether the infringement pertains to physical product or digital files over the internet.

41.     When infringement occurs via the use of services provided by ISPs, the DMCA offers a safe harbor from secondary copyright infringement liability to innocent ISPs that satisfy certain statutory conditions. As a threshold matter, to be eligible for the safe harbor, an ISP is required, among other things, to adopt and reasonably implement a policy that provides for the termination of subscribers and account holders that are repeat copyright infringers.

42.     As noted above, Plaintiffs are well-known record companies. They are in the business of producing, manufacturing, distributing, selling, licensing, and facilitating the distribution, sale, public performance, and other authorized uses of sound recordings (*i.e.*, recorded music) to which they own or control exclusive rights in copyright in the United States. The considerable artistic quality of Plaintiffs' sound recordings is well-known in Texas, and throughout the United States and the world.

43.     In an effort to combat the massive pirating of their copyrighted works, certain rights holders have engaged Rightscorp, Inc. ("Rightscorp"). Rightscorp has developed a technological system that identifies actual infringements and the perpetrators of these infringements (by IP address, port number, time, and date). It does so by monitoring BitTorrent systems and extracting information about the infringing activity, including, *inter alia,* the IP

1428389

address, the ISP, the infringing content, and the suspected location of the host computer accessing BitTorrent networks. Rightscorp's system also has the capability to acquire entire files from the infringing host computers. Using this system, Rightscorp has notified ISPs, including Grande, of specific instances of first-time and repeat copyright infringement committed by their account holders and has requested that the ISPs, including Grande, notify their account holders of these infringements.

### Defendants' Knowledge of Extensive and Continuing Copyright Infringement by Grande's Subscribers

44.     Grande provides its subscribers with high-speed internet service. It claims that "Grande Internet service provides you with an online experience that delivers unlimited access to a wealth of resources." *See* http://mygrande.com/internet. And, "with speeds up to 1 GB, Grande offers the fastest Internet speeds in town to support your entire family online at once." *Id.* In exchange for this service, Grande charges its subscribers monthly fees ranging from approximately $29.99 for 50 Mbps download speeds and 5 Mbps upload speeds, to approximately $64.99 for 400 Mbps download speeds and 20 Mbps upload speeds. *Id.*

45.     After purchasing high-speed internet access from Grande, subscribers can access BitTorrent networks and upload and download copyrighted works with ease and increasing speed, depending upon the level of Grande service that the subscribers purchase. Thus, Grande provides its subscribers with a fully functioning system that allows them to engage in copyright infringement on a massive scale using BitTorrent networks. And for those subscribers who want to pirate more and larger files at faster speeds, Grande obliges them in return for higher fees. The greater the bandwidth its subscribers require for pirating content, the more money Grande receives.

1428389

46.     Having created and (for a monthly fee) provided its subscribers with the site and facilities to engage in copyright infringement, Grande is required to implement a policy that effectively addresses repeat infringers if it desires safe harbor protection under the DMCA. However, Grande has chosen not to adopt and reasonably implement policy for preventing repeat infringement.

47.     Rightscorp has provided Grande with notice of specific infringers using Grande's internet service to infringe various copyrighted works.  Rightscorp also requested that Grande terminate the "subscribers and account holders" who are repeat infringers of copyrighted works. Despite its knowledge of specific repeat infringers of copyrighted works, Grande apparently refused to do so.

48.     The notifications Grande received were based upon a software system Rightscorp developed and employed.  This system identifies specific actual infringements of various copyrighted works and the users of BitTorrent networks who infringe these copyrighted works. At its most basic level, the software searches for specific copyrighted content.  When it communicates with a host computer using BitTorrent that acknowledges it has specific copyrighted content available for unauthorized distribution, the software will log certain identifying information (*e.g.*, the IP address and port number of the host computer, the date and time the host computer offered the content, the name of the host computer's ISP, and information about the infringing file).  Upon collecting this information, Rightscorp sends a notice of infringement to Grande, detailing the exact nature of the infringement(s).  Each notice requests that Grande forward the notice to the corresponding Grande subscriber, because only Grande, as the ISP, can identify and contact the account holder.  Thereafter, Grande's network is

1428389

continuously monitored to determine if the same subscriber is a repeat infringer who continues to infringe copyrighted works. If repeat infringement is detected, Grande is further notified.

49.     Through this process, Grande has been put on notice and informed of more than one million infringements, and that thousands of subscriber accounts have engaged in repeated acts of copyright infringement. Prior to the filing of this complaint, Grande received notice that 1,840 of its customers had each engaged in infringement *at least one hundred times*. At least 456 of Grande's customers had generated 500 notices of infringement. More than 208 customers each generated at least 1,000 notices of infringement. And some of Grande's customers generated more than 2,000 notices of infringement each. Because Rightscorp can only observe a small percentage of the overall activity of Grande subscribers, upon information and belief, the infringement Rightscorp reported to Grande likely is merely a small fraction of the infringing activity occurring over Grande's network.

50.     Grande has had actual and ongoing specific knowledge of the repeat infringements by its subscribers of the Copyrighted Sound Recordings occurring through the use of its service for years. Upon information and belief, through its role in providing management services to Grande, Patriot, too, has actual and ongoing specific knowledge of these repeat infringements, including as a result of Rightscorp's notifications.

51.     Nonetheless, Defendants have refused to take any meaningful action to discourage this wrongful conduct, let alone suspend or terminate the accounts of repeat infringers. The reason that Defendants have not done so is obvious – it would cause Grande to lose revenue from the subscription fees that these infringing customers pay to Grande.

52.     By their actions, Defendants have intentionally ignored and continue to ignore the overwhelming evidence that provides them with actual knowledge of repeat copyright infringers

12

on Grande's network.  Grande cannot have any meaningful, effective repeat infringer policy, let alone one that is reasonably implemented as required by the DMCA, if it and its management services provider, Patriot, purposefully ignore notice of repeat infringers sent from copyright owners (through Rightscorp), who are tracking the repeat infringers on the Grande network and providing Defendants with actual knowledge of those repeat infringers on a daily basis.

53.     By ignoring the repeat infringement notifications and refusing to take action against repeat infringers, Defendants have made an affirmative decision to contribute to known copyright infringement and to continue reaping the substantial financial benefits in the form of subscription fees and fees for higher bandwidth.  Defendants' conduct renders them ineligible for safe harbor immunity from copyright liability under the DMCA.

54.     Grande intentionally circumvented the DMCA's requirements by ignoring infringement notices and failing to take action against users it knew repeatedly and blatantly committed copyright infringement.  Thus, Grande cannot as a matter of law avail itself of the safe harbor provided for by the DMCA, and is fully liable for these acts of infringement.

55.     Because it provided executive and general counsel services to Grande, Patriot is equally liable for Grande's failure to comply with its legal responsibilities and for the copyright infringement that resulted from those failures.  Upon information and belief, Patriot's infringing conduct includes, among other things, formulating and implementing the business policies, procedures, and practices that provide repeat infringers with continued internet service through Grande, without consequence.

56.     Defendants' infringing conduct includes providing the facilities and products necessary for its subscribers to commit direct infringement by delivering uninhibited access to the internet, as well as the system and technology that allow for the storage and transmission of

1428389

data constituting the infringing files that comprise the Copyrighted Sound Recordings.   In addition to providing the site and facilities for the infringement, Defendants materially contribute to subscribers' direct infringement by providing continued access to account holders they know to be repeat infringers.

57.     Grande directly profits from repeat infringers.   Grande collects significant fees from its subscribers, and subscribers who frequently upload copyrighted content often pay higher monthly premiums for higher bandwidth.   Grande has been notified of thousands of repeat infringers on the Grande network.   Plaintiffs believe the total number of actual repeat infringers on the Grande network not known to Plaintiffs is drastically higher.

58.     Grande touts an internet service that provides its subscribers "with an online experience that delivers unlimited access to a wealth of resources"-- "with speeds up to 1 GB" -- which Grande advertises as "the fastest Internet speeds in town to support your entire family online at once."   It makes these representations while knowing that many of its subscribers use its service for copyright infringement.   Yet it willfully takes no action to prevent repeat infringement.   By these acts and omissions, Grande induces the infringement of Plaintiffs' copyrights by Grande's subscribers.

59.     Despite the continuous and frequent notifications to Defendants of specific instances of infringement and repeat infringement committed by Grande's subscribers, and Defendants' knowledge thereof, Defendants have refused to take action against any meaningful number of Grande subscribers who are repeat infringers, and Grande continues to collect substantial money in subscription fees from accounts of known repeat infringers.   Therefore, Defendants materially contribute to, financially benefit from, and induce the direct copyright infringement of Grande's subscribers.

1428389

# V. CAUSES OF ACTION

### Count One – Secondary Copyright Infringement Against Grande
### 17 U.S.C. § 101 *et seq.*

60.     Plaintiffs repeat and reallege every allegation contained in paragraphs 1 through 59 as if fully set forth herein.

61.     As detailed herein, users of the Grande service are engaged in repeat and pervasive infringement of Plaintiffs' exclusive rights to reproduce, distribute, and publicly perform their Copyrighted Sound Recordings.

62.     Through its conduct, Grande knowingly and intentionally induced, enticed, persuaded, and caused its subscribers to infringe Plaintiffs' Copyrighted Sound Recordings, and continues to do so, including but not limited to those sound recordings listed in Exhibit A hereto, in violation of Plaintiffs' copyrights.

63.     Through its activities, Grande knowingly and intentionally takes steps that are substantially certain to result in direct infringement of Plaintiffs' Copyrighted Sound Recordings, and that have resulted in such direct infringement, including but not limited to the direct infringement of those sound recordings listed in Exhibit A hereto, in violation of Plaintiffs' copyrights.

64.     Despite its knowledge that infringing material is made available to its subscribers by means of the Grande service, Grande has failed to take reasonable steps to minimize the infringing capabilities of its service.

65.     Grande is liable as a contributory copyright infringer for the infringing acts of its subscribers.  Grande has actual and constructive knowledge of the infringing activity of its subscribers.   Grande knowingly caused and otherwise materially contributed to these unauthorized reproductions and distributions of Plaintiffs' Copyrighted Sound Recordings,

1428389

including but not limited to those sound recordings listed in Exhibit A hereto, and continues to do so.

66.     Grande is vicariously liable for the infringing acts of its subscribers.  Grande has the right and ability to supervise and control the infringing activities that occur through the use of its service, and at all relevant times has derived a direct financial benefit from the infringement of Plaintiffs' copyrights.  Grande has refused to take any meaningful action to prevent the widespread infringement by its subscribers.  Indeed, the availability of music – and particularly Plaintiffs' music – acts as a powerful draw for users of Grande's service, who use that service to download infringing music files using BitTorrent protocols.  Grande is therefore vicariously liable for the unauthorized reproduction, distribution, and public performance of Plaintiffs' Copyrighted Sound Recordings, including but not limited to those sound recordings listed in Exhibit A hereto.

67.     Grande's infringement of Plaintiffs' rights in each of their Copyrighted Sound Recordings constitutes a separate and distinct act of infringement.

68.     Grande's acts of infringement are willful, intentional and purposeful, in disregard of and indifferent to the rights of Plaintiffs.

69.     As a direct and proximate result of Grande's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to up to the maximum amount of statutory damages, pursuant to 17 U.S.C. § 504(c), with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

70.     In the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to their actual damages, including Grande's profits from infringement, in amounts to be proven at trial.

1428389

71.     Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

72.     Grande's conduct has caused, is causing, and, unless enjoined by this Court, will continue to cause Plaintiffs irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a preliminary and permanent injunction prohibiting infringement of Plaintiffs' copyrights and exclusive rights under copyright.

### Count Two – Secondary Copyright Infringement Against Patriot
### 17 U.S.C. § 101 *et seq.*

73.     Plaintiffs repeat and reallege every allegation contained in paragraphs 1 through 72 as if fully set forth herein.

74.     As described above, users of the Grande service are engaged in repeat and pervasive infringement of Plaintiffs' exclusive rights to reproduce, distribute, and publicly perform their Copyrighted Sound Recordings.

75.     Upon information and belief, during the relevant period, Patriot was responsible for management of Grande, including performing executive, legal, and compliance responsibilities.

76.     Patriot knowingly and intentionally induced, enticed, persuaded, and caused Grande's subscribers to infringe Plaintiffs' copyrights in their sound recordings, and continues to do so, including but not limited to those sound recordings listed in Exhibit A hereto, in violation of Plaintiffs' copyrights.

77.     Through its management of Grande, Patriot knowingly and intentionally takes steps that are substantially certain to result in direct infringement of Plaintiffs' Copyrighted

Sound Recordings, including but not limited to those sound recordings listed in Exhibit A hereto, in violation of Plaintiffs' copyrights.

78.     Despite its knowledge that infringing material is made available to Grande's subscribers by means of the Grande service, Patriot has failed to take reasonable steps to minimize the infringing capabilities of the service.

79.     Patriot is liable as a contributory copyright infringer for Grande subscribers' infringing acts.  Patriot has actual and constructive knowledge of Grande subscribers' infringing activity.  Patriot knowingly caused and otherwise materially contributed to these unauthorized reproductions and distributions of Plaintiffs' Copyrighted Sound Recordings, including but not limited to those sound recordings listed in Exhibit A hereto, and continues to do so.

80.     Patriot is vicariously liable for the infringing acts of Grande's subscribers.  Patriot has the right and ability to supervise and control the infringing activities that occur using the Grande service, and at all relevant times has derived a direct financial benefit from the infringement of Plaintiffs' copyrights.  Indeed, the availability of music – and particularly Plaintiffs' music – acts as a powerful draw for subscribers to Grande's service who use that service to download infringing music files using BitTorrent protocols.  Patriot has refused to take any meaningful action to prevent the widespread infringement by Grande's subscribers.  Patriot is therefore vicariously liable for the unauthorized reproduction, distribution, and public performance of Plaintiffs' Copyrighted Sound Recordings, including but not limited to those sound recordings listed in Exhibit A hereto.

81.     Patriot's infringement of Plaintiffs' rights in each of their Copyrighted Sound Recordings constitutes a separate and distinct act of infringement.

1428389

82.    Patriot's acts of infringement are willful, intentional and purposeful, in disregard of and indifferent to the rights of Plaintiffs.

83.    As a direct and proximate result of Patriot's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled up to the maximum amount of statutory damages, pursuant to 17 U.S.C. § 504(c), for each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

84.    In the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to their actual damages, including Patriot's profits from infringement, in amounts to be proven at trial.

85.    Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

86.    Patriot's conduct has caused, is causing, and, unless enjoined by this Court, will continue to cause, Plaintiffs irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a preliminary and permanent injunction prohibiting infringement of Plaintiffs' copyrights and exclusive rights under copyright.

## VI.        <u>REQUEST FOR RELIEF</u>

**WHEREFORE,** Plaintiffs pray for judgment against Defendants, and each of them, as follows:

   a.   For statutory damages pursuant to 17 U.S.C. § 504(c), in an amount up to the maximum, per infringed work, arising from Defendants' violations of Plaintiffs' rights under the Copyright Act or, in the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(b), Plaintiffs' actual damages, including Defendants' profits from infringement, in amounts to be proven at trial;

1428389

b. For a preliminary and permanent injunction enjoining Defendants and their respective officers, agents, servants, employees, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, (1) from directly or indirectly infringing in any manner any of Plaintiffs' respective copyrights or other exclusive rights (whether now in existence or hereafter created), including without limitation, copyrights or exclusive rights under copyright in the Copyrighted Sound Recordings, (2) from causing, contributing to, enabling, facilitating, or participating in the infringement of any of Plaintiffs' respective copyrights or other exclusive rights (whether now in existence or hereafter created), including without limitation, copyrights or exclusive rights under copyright in the Copyrighted Sound Recordings, and (3) to promptly send infringement notices to Grande's infringing subscribers.

c. For prejudgment and post-judgment interest according to law;

d. For Plaintiffs' attorneys' fees, and full costs and disbursements in this action; and

e. For such other and further relief as the Court may deem proper and just.

## VII.     <u>JURY DEMAND</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs respectfully demand trial by jury of all issues triable by right of jury.


Dated: April 21, 2017

                                          Respectfully submitted,

                                    By:   <u>/s/ Daniel C. Bitting</u>
                                              Daniel C. Bitting
                                            State Bar No. 02362480
                                            Paige A. Amstutz
                                          State Bar No. 00796136

1428389

**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

Pat A. Cipollone, P.C. (*pro hac vice* forthcoming)
Jonathan E. Missner (*pro hac vice* forthcoming)
Robert B. Gilmore (*pro hac vice* forthcoming)
Philip J. O'Beirne (*pro hac vice* forthcoming)
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

***Attorneys for Plaintiffs***

1428389

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

FILED

17 AUG 14   AM 11: 15

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | § |
| | § |
| | § |
| Plaintiffs | § |
| | § |
| v. | §  Civil Action No. 1:17-cv-365 |
| | § |
| GRANDE COMMUNICATIONS | § |
| NETWORKS, LLC and | § |
| PATRIOT MEDIA CONSULTING, LLC, | § |
| | § |
| Defendants. | § |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Before the court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

**1.    Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as Confidential or Attorneys' Eyes Only Information by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

**2.    Qualified Persons**

"Qualified Persons" means:

a.    For Attorneys' Eyes Only Information:

    i.    retained counsel for the parties in this litigation and their respective staff;

    ii.    actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation

1

(which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Attorneys' Eyes Only Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person). Prior to any disclosure of Attorneys' Eyes Only Information to such person, the Parties will make reasonable efforts to ensure that such person does not have a competitive relationship with the other Parties. If no such competitive relationship exists, then no further disclosure is required. If such a competitive relationship exists, then the Parties shall provide all other Parties with the identity, curriculum vitae, and litigation history of such person at least ten (10) business days prior to the first disclosure of any Attorneys' Eyes Only Information to such person. A party may object in writing to such disclosure within ten (10) business days of such notification by setting forth in detail the grounds on which the Party's objection is based. If a Party objects within the ten (10) day period, no disclosure shall be made until the Party seeking disclosure obtains the prior approval of the Court or the objecting Party.

iii.     litigation vendors, court reporters, and other litigation support personnel;

iv.     any person who was an author or addressee of the Attorneys' Eyes Only Information and who agrees to keep the information confidential, provided that such persons may see and use the Attorneys' Eyes Only Information but not retain a copy; and

v.     this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

   b.     For Confidential Information:

        i.     the persons identified in subparagraph 2(a);

        ii.     such officers, directors, partners, members or employees of the party (or an entity listed in a party's corporate disclosure statement) including but not limited to in-house counsel, who are actively involved in the prosecution or defense of this case, and who, prior to any disclosure of Confidential Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

        iii.     the Senior Vice President, Litigation and Legal Affairs of the Recording Industry Association of America, Inc.;

        iv.     any person who was an author or addressee of the Confidential Information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential Information but not retain a copy; and

        v.     such other person as the parties may designate by mutual agreement or as this court may designate after notice and an opportunity to be heard.

   c.     In the event that counsel for either party reasonably believes it is necessary for a representative of that party to receive and review certain Classified Information designated by the other party as Confidential or Attorneys' Eyes Only (other than as already permitted under section 2(b)(iii) of this Protective Order), counsel shall make a request in writing to counsel for the producing party for permission to make such disclosure. Within five (5) calendar days of such request, counsel for both parties shall engage in good faith discussions to address the request. If the parties are unable to reach agreement, the party seeking access to the designated materials may request resolution of the dispute with the Court .

3.      **Designation Criteria**

a.      *Nonclassified Information.* Classified Information shall not include information that either:

i.      is in the public domain at the time of disclosure, as evidenced by a written document;

ii.     becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

iii.    the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

iv.     lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

b.      *Confidential Information.* A party shall designate as Confidential Information only such information that the party in good faith believes in fact is confidential.  Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential.

Information and documents that may be designated as Confidential Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications and documents between the parties or with nonparties may be designated as Confidential Information if the communication was made with

4

the understanding or reasonable expectation that the information would not become generally available to the public.

     c.      *Attorneys' Eyes Only Information.* The designation Attorneys' Eyes Only Information shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

     d.      *Ultrasensitive Information.* At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

     **4.      Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

     **5.      Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential" or "Attorneys' Eyes Only." In lieu of marking the original of a document, or if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection. Electronic documents and electronically stored information produced natively may be designated by the producing person or by any party as Classified Information by labeling the file name as

"Confidential" or "Attorneys' Eyes Only."  If a hard copy of a document produced natively is used in the case as an exhibit or otherwise the party using it shall mark each page as "Confidential" or "Attorneys' Eyes Only."

####     6.     Disclosure at Depositions, Hearings and Trial

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, partners, members, stockholders, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys' Eyes Only" and is subject to the provisions of this Order.  Any Qualified Person and the author or recipient of Classified Information may be questioned about those materials at deposition or at any hearing or at trial.  If counsel for a party wishes to present Classified Information to a witness other than a Qualified Person, counsel will first present the information to opposing counsel for review and, if no objection is raised, may then present the material to the witness for questioning.  Any party may furnish a witness who is not a party or a representative of a party a copy of this Order before the witness is examined about or asked to produce potentially Classified Information.

Any party also may designate information disclosed at a deposition, hearing or trial as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter.  Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as Attorneys' Eyes Only for a period of 30 days after initial receipt of the transcript.

Any party may also designate as Confidential or Attorneys' Eyes Only Information

pertaining to that party which is provided in this suit by non-parties pursuant to requests for production, depositions on written questions or otherwise, by notifying all parties in writing within thirty (30) days after the provision of such information, or thirty (30) days after the entry of this Order as to any information provided prior to this Order. Any non-parties who provide documents or information in this suit pursuant to requests for production, depositions on written questions or otherwise may also designate such documents or information as Confidential or Attorneys' Eyes Only Information by notifying all parties in writing within thirty (30) days after the provision of such information, or thirty (30) days after the entry of this Order as to any information provided prior to this Order. Upon receiving any such notices, all parties shall mark each page of any documents or copies containing such information as "Confidential" or "Attorneys' Eyes Only" (according to the requested designation in the notice) and all such information shall be treated as Confidential or Attorneys' Eyes Only Information hereunder.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions, hearings or trials any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

7. **Disclosure to Qualified Persons**

a. *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in the

event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as Attorneys' Eyes Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

   *b.*   *Retention of Copies During this Litigation.* Copies of Attorneys' Eyes Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

   c.   Each party's outside counsel shall maintain a log of all copies of Attorneys' Eyes Only documents that are delivered to Qualified Persons.

**8.**  **Unintentional Disclosures**

   Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.  If a receiving party learns of any unauthorized disclosure of Confidential or Attorneys' Eyes Only Information, the party shall promptly upon learning of such disclosure inform the producing party of such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**9.**  **Documents Produced for Inspection Prior to Designation**

   In the event documents are produced for inspection prior to designation, the documents

shall be treated as Attorneys' Eyes Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently as "Confidential" or "Attorneys' Eyes Only" by the producing party.

**10.     Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information. Nothing herein shall limit in any way a supplying party's right to use or disclose its own Confidential Information for any purpose.

**11.     Disclosure in Mediations, Hearing and Trial**

Confidential Information may be disclosed in any mediation, hearings and the trial of this case without any requirement that the mediator, Court, Court officials, those persons impaneled as potential jurors or those persons comprising the actual jury sign any written agreement to be bound by the terms of this Protective Order.  In such circumstances, however, the Court will admonish those present in Court as to the confidentiality of the information so designated and of their duty to maintain its confidentiality.  Where appropriate, the Court will order those portions of the transcripts and referenced exhibits containing Confidential Information be sealed.

Court Reporters and persons operating audio-visual equipment for depositions, hearings or trial need not sign a written agreement to be bound by the terms of this Protective Order, but will be considered as officers of the Court to be bound.

**12.     Challenging the Designation**

a.   *Classified Information.* A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

b.   *Qualified Persons.*  In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

**13.   Manner of Use in Proceedings**

In the event a party wishes to use any Classified Information in affidavits, declarations,

briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

**14. Filing Under Seal**

Upon request by a party, the clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the court. Any failure to request that the clerk to seal any Classified Information shall not waive the protections afforded that information under the terms of this Order.

**15. Return of Documents**

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as the parties may otherwise agree or this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Persons qualified under 2(a)(i) may retain Confidential Information in their possession, but such information will remain subject to this Order. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, but such work product shall remain subject to this Order.

**16. Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered

in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

### 17.   Advice to Clients

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

### 18.   Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order. This Order shall be binding upon and inure to the benefit of the parties and their successors-in-interest.

### 19.   Inadvertent Production and Waiver of Privileged Documents and Information

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection (including, without limitation, the attorney-client privilege and the attorney work product privilege), the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

This Protective Order encompasses an Order under Federal Rule of Evidence 502(d) that

any privilege or other protection that may have been raised in documents produced in this litigation is not waived as a result of disclosure of those documents in connection with this litigation, and this Protective Order governs all persons or entities in all state or federal proceedings, whether or not they were parties to this litigation.   The fact of production of privileged or work product information or documents by any producing party in this Action shall not be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding.   Without limiting the foregoing, this Protective Order shall not affect the parties' legal rights to assert privilege or work product claims over documents in any other proceeding.

**20.   Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

It is SO ORDERED this _14th_ day of _August_____, 2017.

_____
HON. LEE YEAKEL
UNITED STATES DISTRICT JUDGE

13

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

UMG RECORDINGS, INC., *et al.*

     Plaintiffs,

vs.

GRANDE COMMUNICATIONS
NETWORKS LLC
and
PATRIOT MEDIA CONSULTING, LLC,

     Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No. 1:17-cv-365

**NON-PARTY RIAA'S OBJECTIONS AND RESPONSES TO DEFENDANTS' RULE 45
SUBPOENA FOR TESTIMONY AND DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 45, non-party Recording Industry Association

of America ("RIAA"), by and through its attorneys, hereby provides the following objections to the

Rule 45 Subpoena served by counsel for Defendants on April 6, 2018.

RIAA will confer with Defendants regarding the time, date, and location of the deposition.

RIAA reserves the right to supplement or modify these Objections and Responses upon, among

other things, discovery of additional facts and materials and other developments in this action.

RIAA's objections and responses are not intended to be, and should not be construed as, an

agreement or concurrence by RIAA with any of Defendants' characterizations of any facts,

circumstances, or legal conclusions.  RIAA reserves all rights in connection with the subpoena.

1



## OBJECTIONS AND RESPONSES TO ATTACHMENT A: DEFINITIONS

### DEFINITION NO. 1:

"Recording Industry Association of America," "RIAA," "you," and "your" refers to Recording Industry Association of America, its parents, subsidiaries, divisions, predecessors, successors, affiliates, and any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf.

**RESPONSE:** RIAA objects to this Definition as overbroad, unduly burdensome, not relevant to the parties' claims and defenses, not proportional to the needs of the case, and thus outside the scope of discovery permitted under Federal Rule of Civil Procedure 26, insofar as it concerns (1) parent, subsidiary or affiliate companies or entities not otherwise related to the matters at issue in this case, or (2) information in the sole possession, custody, or control of RIAA's former employees, supervisors, managers, executives, board members, officers, directors, agents and contractors. RIAA also objects to this Definition to the extent it seeks information that is not within RIAA's possession, custody or control, or information that is not maintained in the ordinary course of business. In addition, RIAA further objects to this Definition as encompassing information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.

## OBJECTIONS AND RESPONSES TO TOPICS FOR EXAMINATION

### MATTER FOR EXAMINATION NO. 1:

The processes, procedures, and methods by which Rightscorp, MarkMonitor, or other entities [that] monitor Peer-to-Peer file sharing networks in order to identify alleged infringers of copyrighted works, including through use and operation of the Rightscorp System, the MarkMonitor System or any third-party software.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Topic to the extent it seeks testimony relating to

technical and business information of Rightscorp, MarkMonitor, or other third-party entities that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from those third-party entities. Such testimony can be obtained from those entities rather than imposing on RIAA the burden and expense of preparing a witness to address this Topic. Furthermore, RIAA objects to this Topic to the extent it seeks third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users, and monitoring of internet traffic or sending notices other than by Rightscorp. RIAA also objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, RIAA objects to this Topic on the ground that communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic. RIAA also objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6). In addition, RIAA further objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp and MarkMonitor), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic, but RIAA understands that Grande is seeking Rule 30(b)(6) testimony from Rightscorp, and therefore directs Grande to Rightscorp for testimony responsive to this Topic.

## MATTER FOR EXAMINATION NO. 2:

The capabilities and functionality of the Rightscorp System, the MarkMonitor System, or other similar systems for monitoring and detecting Peer-to-Peer file sharing activity associated with a particular internet subscriber and a particular ISP, including but not limited to the ability to identify an internet subscriber that has downloaded a copyrighted work and subsequently provide a Rightscorp Notice or a MarkMonitor Notice or similar notice to the ISP that provides internet service to that same internet subscriber.

**RESPONSE:**  RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26.  In particular, RIAA objects to this Topic to the extent it seeks testimony relating to technical and business information of Rightscorp, MarkMonitor, or other third-party entities that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from those third-party entities.  Such testimony can be obtained from those entities rather than imposing on RIAA the burden and expense of preparing a witness to address this Topic.  Furthermore, RIAA objects to this Topic to the extent it seeks third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users, and monitoring of internet traffic or sending notices other than by Rightscorp.  RIAA also objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  In particular, RIAA objects to this Topic on the ground that communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic.  RIAA also

4

objects to this Topic on the ground that it does not describe with reasonable particularity the matters

on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6).   In

addition, RIAA further objects to this Topic insofar as it seeks information that is unreasonably

cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's

subpoenas to Rightscorp and MarkMonitor), that is already in the possession, custody, or control of

Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to

obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less

expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or

oppressive for RIAA, which is not a party to this litigation.   RIAA also incorporates by reference its

Objections and Responses to Attachment A - Definitions.

    In light of these objections, RIAA will not be designating a witness to testify in response to

this Topic, but RIAA understands that Grande is seeking Rule 30(b)(6) testimony from Rightscorp,

and therefore directs Grande to Rightscorp for testimony responsive to this Topic.

## MATTER FOR EXAMINATION NO. 3:

The considerations that informed any decision(s) by the RIAA directly or on behalf of the Plaintiffs
to send and continue sending Rightscorp Notices, MarkMonitor Notices or similar notices to Grande.

**RESPONSE:**   RIAA objects to this Topic as overbroad, not relevant and not proportional to the

needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

Procedure 26.  In particular, RIAA objects to this Topic to the extent it seeks testimony relating to (1)

monitoring of internet traffic or sending notices other than by Rightscorp, and (2) technical and

business information of Rightscorp, MarkMonitor, or other third-party entities that is not within the

possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail

and accuracy from those third-party entities.  RIAA also objects to this request as vague and undefined

with respect to the terms "considerations" and "informed."  RIAA further objects to this Topic as

seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, RIAA objects to this Topic on the ground that communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic. RIAA also objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6). In addition, RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp and MarkMonitor), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA further states that it did not engage MarkMonitor relating to notices of copyright infringement sent to Grande. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic.

**MATTER FOR EXAMINATION NO. 4:**

The considerations and negotiations that resulted in the RIAA's engagement of Rightscorp and MarkMonitor for purposes of sending Rightscorp Notices or MarkMonitor Notices to Grande and/or bringing this lawsuit against Grande and Patriot.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Topic to the extent it seeks testimony relating to (1) monitoring of internet traffic or sending notices other than by Rightscorp, and (2) technical and business information of Rightscorp or MarkMonitor that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from those third-party entities. RIAA also objects to this request as vague and undefined with respect to the term "considerations." RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, RIAA objects to this Topic on the ground that communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic. RIAA also objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6). In addition, RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp and MarkMonitor), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA further states that it

did not engage MarkMonitor relating to notices of copyright infringement sent to Grande.  RIAA also

incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to

this Topic.

**MATTER FOR EXAMINATION NO. 5:**

All agreements and the terms thereof between the RIAA and Rightscorp relating in any way to the claims in this lawsuit against Grande.

**RESPONSE:**   RIAA objects to this Topic insofar as it seeks information that is unreasonably

cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's

subpoenas to Rightscorp), that is already in the possession, custody, or control of Grande's or

Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is

obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or

to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which

is not a party to this litigation.  RIAA further objects to this Topic as seeking information protected

by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any

other applicable privilege or protection from disclosure.  RIAA also incorporates by reference its

Objections and Responses to Attachment A - Definitions.

Subject to and without waiving these objections, RIAA will designate one or more persons

to testify generally as to non-privileged, discoverable information regarding the general nature of

RIAA's engagement of Rightscorp relating to the claims in this lawsuit against Grande.

**MATTER FOR EXAMINATION NO. 6:**

All agreements and the terms thereof between the RIAA and MarkMonitor relating in any way to copyright infringement claims against any ISPs.

**RESPONSE:**  RIAA objects to this Topic as overbroad, not relevant and not proportional to the

needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

Procedure 26.  In particular, RIAA objects to this Topic to the extent it seeks testimony relating to

(1) monitoring of internet traffic or sending notices other than by Rightscorp and (2) technical and

business information of MarkMonitor that is not within the possession, custody, or control of RIAA

and/or that is obtainable more readily and with more detail and accuracy from MarkMonitor.  RIAA

further objects to this Topic as seeking information protected by the attorney-client privilege, the

work product doctrine, the common-interest privilege, and any other applicable privilege or

protection from disclosure.  In addition, RIAA objects to this Topic insofar as it seeks information

that is unreasonably cumulative or duplicative of Grande's other discovery requests (including

without limitation Grande's subpoenas to MarkMonitor), that is already in the possession, custody,

or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for

RIAA to obtain, or that is obtainable from some other source that is more convenient, less

burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome,

expensive, or oppressive for RIAA, which is not a party to this litigation.  RIAA also incorporates

by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to

this Topic.

**MATTER FOR EXAMINATION NO. 7:**

RIAA's knowledge regarding Grande's alleged liability for acts of copyright infringement by
Grande Subscribers.

**RESPONSE:**  RIAA objects to this Topic as overbroad, not relevant and not proportional to the

needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

Procedure 26.  As written, this Topic would require the RIAA to prepare a witness to testify as to

the entirety of the factual and legal issues involved in this case.  RIAA further objects to this Topic

as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, this Topic on its face seeks legal conclusions and opinions, which is not proper testimony from a Rule 30(b)(6) deponent. Communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic. In addition, RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests, that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

Subject to and without waiving these objections, RIAA will designate one or more persons to testify generally as to non-privileged, discoverable information regarding this Topic, other than as to information learned through discovery obtained from Defendants in this action.

**MATTER FOR EXAMINATION NO. 8:**

The development, testing, and evaluation of the software that embodies the Rightscorp System.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Topic to the extent it seeks testimony relating to technical and business information of Rightscorp that is not within the possession, custody, or control

of RIAA and/or that is obtainable more readily and with more detail and accuracy from those third-party entities. Such testimony can be obtained from those third-party entities, rather than imposing on RIAA the burden and expense of preparing a witness to address this Topic. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, RIAA objects to this Topic on the ground that communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic. RIAA also objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6). In addition, RIAA further objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic, but RIAA understands that Grande is seeking Rule 30(b)(6) testimony from Rightscorp, and therefore directs Grande to Rightscorp for testimony responsive to this Topic.

**MATTER FOR EXAMINATION NO. 9:**

The development, testing, and evaluation of the software that embodies the MarkMonitor System.

**RESPONSE:**  RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26.  In particular, RIAA objects to this Topic to the extent it seeks testimony relating to technical and business information of MarkMonitor that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from MarkMonitor.  Such testimony can be obtained from MarkMonitor, rather than imposing on RIAA the burden and expense of preparing a witness to address this Topic.  RIAA also objects to this Topic to the extent it seeks information about monitoring of internet traffic or sending notices other than by Rightscorp.  RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  In addition, RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to MarkMonitor), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic.

## MATTER FOR EXAMINATION NO. 10:

The basis for any assertion(s) that a particular Grande Subscriber has committed copyright infringement or infringed one of the copyrighted works belonging to any of the Plaintiffs.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. As written, this Topic would require the RIAA to prepare a witness to testify as to the entirety of the factual and legal issues involved in this case. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, this Topic on its face seeks legal conclusions and opinions, which is not proper testimony from a Rule 30(b)(6) deponent. Communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic. In addition, RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests, that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic.

**MATTER FOR EXAMINATION NO. 11:**

Any values, conditions, or other quantifiable measures that the Rightscorp System detects or utilizes in order to identify an alleged infringer or send a Rightscorp Notice.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Topic to the extent it seeks testimony relating to technical and business information of Rightscorp that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from Rightscorp. Such testimony can be obtained from Rightscorp, rather than imposing on RIAA the burden and expense of preparing a witness to address this Topic. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, RIAA objects to this Topic on the ground that communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic. RIAA also objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6). In addition, RIAA further objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA also

14

incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic, but RIAA understands that Grande is seeking Rule 30(b)(6) testimony from Rightscorp, and therefore directs Grande to Rightscorp for testimony responsive to this Topic.

## MATTER FOR EXAMINATION NO. 12:

Any values, conditions, or other quantifiable measures that the MarkMonitor System detects or utilizes in order to identify an alleged infringer or send a MarkMonitor Notice.

**RESPONSE:**  RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26.  In particular, RIAA objects to this Topic to the extent it seeks testimony relating to technical and business information of MarkMonitor that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from MarkMonitor.  Such testimony can be obtained from MarkMonitor, rather than imposing on RIAA the burden and expense of preparing a witness to address this Topic.  RIAA also objects to this Topic to the extent it seeks information relating to monitoring of internet traffic or sending notices other than by Rightscorp.  RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  In addition, RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to MarkMonitor), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this

litigation.  RIAA also incorporates by reference its Objections and Responses to Attachment A -

Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to

this Topic.

## MATTER FOR EXAMINATION NO. 13:

RIAA's knowledge of actual, potential, or alleged flaws, weaknesses, deficiencies, inefficiencies, errors, lack or absence of features or functionality, performance issues, modifications or improvements needed, or any other problem associated with the Rightscorp System and Rightscorp Notices, including but not limited to the Rightscorp System's ability to detect and identify activity associated with copyright infringement.

**RESPONSE:**  RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs

of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

Procedure 26.  In particular, RIAA objects to this Topic to the extent it seeks testimony relating to

technical and business information of Rightscorp that is not within the possession, custody, or control

of RIAA and/or that is obtainable more readily and with more detail and accuracy from Rightscorp.

Such testimony can be obtained from Rightscorp, rather than imposing on RIAA the burden and

expense of preparing a witness to address this Topic.  RIAA further objects to this Topic as seeking

information protected by the attorney-client privilege, the work product doctrine, the common-interest

privilege, and any other applicable privilege or protection from disclosure.  In particular, RIAA

objects to this Topic on the ground that communications and information responsive to this Topic will

overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product

grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and

prepare a witness to testify on this Topic.  RIAA also objects to this Topic on the ground that it does

not describe with reasonable particularity the matters on which examination is requested, as required

by Federal Rule of Civil Procedure 30(b)(6).  In addition, RIAA further objects to this Topic insofar

as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation.  RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic, but RIAA understands that Grande is seeking Rule 30(b)(6) testimony from Rightscorp, and therefore directs Grande to Rightscorp for testimony responsive to this Topic.

## MATTER FOR EXAMINATION NO. 14:

RIAA's knowledge of actual, potential, or alleged flaws, weaknesses, deficiencies, inefficiencies, errors, lack or absence of features or functionality, performance issues, modifications or improvements needed, or any other problem associated with the MarkMonitor System and MarkMonitor Notices, including but not limited to the MarkMonitor System's ability to detect and identify activity associated with copyright infringement.

**RESPONSE:**  RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26.  In particular, RIAA objects to this Topic to the extent it seeks testimony relating to technical and business information of MarkMonitor that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from MarkMonitor.  Such testimony can be obtained from MarkMonitor, rather than imposing on RIAA the burden and expense of preparing a witness to address this Topic.  RIAA also objects to this Topic to the extent it seeks testimony relating to monitoring of internet traffic or sending notices other than by Rightscorp.  RIAA further objects to this Topic as seeking information protected by

the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  In addition, RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to MarkMonitor), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation.  RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic.

**MATTER FOR EXAMINATION NO. 15:**

RIAA's knowledge of Rightscorp Notices that were inaccurate, incomplete, or otherwise improperly sent to a recipient ISP.

**RESPONSE:**  RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26.  In particular, RIAA objects to this Topic to the extent it seeks testimony relating to technical and business information of Rightscorp that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from Rightscorp.  Such testimony can be obtained from Rightscorp, rather than imposing on RIAA the burden and expense of preparing a witness to address this Topic.  RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  In particular, RIAA

objects to this Topic on the ground that communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic.  RIAA also objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6).  In addition, RIAA further objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation.  RIAA further states that it is unware of "Rightscorp Notices that were inaccurate, incomplete, or otherwise improperly sent to a recipient ISP."  RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic, but RIAA understands that Grande is seeking Rule 30(b)(6) testimony from Rightscorp, and therefore directs Grande to Rightscorp for testimony responsive to this Topic.

## MATTER FOR EXAMINATION NO. 16:

RIAA's knowledge of MarkMonitor Notices that were inaccurate, incomplete, or otherwise improperly sent to a recipient ISP.

**RESPONSE:**  RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26.  In particular, RIAA objects to this Topic to the extent it seeks testimony

19

relating to technical and business information of MarkMonitor that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from MarkMonitor.  Such testimony can be obtained from MarkMonitor, rather than imposing on RIAA the burden and expense of preparing a witness to address this Topic.  RIAA also object to this Topic to the extent it seeks information relating to monitoring of internet traffic or sending notices other than by Rightscorp.  RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  In addition, RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to MarkMonitor), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation.  RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic.

**MATTER FOR EXAMINATION NO. 17:**

RIAA's receipt of communications from ISPs identifying legal and/or factual issues with Rightscorp Notices and/or the Rightscorp System.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26.  In particular, RIAA objects to this Topic to the extent it seeks testimony relating to (1)

third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users, and (2) technical and business information of Rightscorp that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from Rightscorp. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, RIAA objects to this Topic on the ground that communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic. RIAA also objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6). In addition, RIAA further objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions. RIAA further states that it is unaware of receiving any communications responsive to this Topic.

In light of the foregoing, RIAA will not be designating a witness to testify in response to this Topic.

**MATTER FOR EXAMINATION NO. 18:**

RIAA's receipt of communications from ISPs identifying legal and/or factual issues with MarkMonitor Notices and/or the MarkMonitor System.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26.  In particular, RIAA objects to this Topic to the extent it seeks testimony relating to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users; (2) monitoring of internet traffic or sending notices other than by Rightscorp; and (3) technical and business information of MarkMonitor that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from MarkMonitor.  RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  In particular, RIAA objects to this Topic on the ground that communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic.  RIAA also objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6).  In addition, RIAA further objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to MarkMonitor), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be

22

unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation.

RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of the foregoing, RIAA will not be designating a witness to testify in response to this Topic.

## MATTER FOR EXAMINATION NO. 19:

RIAA's actions or efforts to address, attend to, or remedy actual, potential, or alleged issues or problems with the Rightscorp System or Rightscorp Notices.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Topic to the extent it seeks testimony relating to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users, and (2) technical and business information of Rightscorp that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from Rightscorp. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, RIAA objects to this Topic on the ground that communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic. RIAA also objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6). In addition, RIAA further objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp),

23

that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no

greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other

source that is more convenient, less burdensome, or less expensive, and/or to the extent that

compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party

to this litigation.  RIAA also incorporates by reference its Objections and Responses to Attachment

A - Definitions.  RIAA further states that it is unaware of having undertaken any "actions or efforts

to address, attend to, or remedy actual, potential, or alleged issues or problems with the Rightscorp

System or Rightscorp Notices."

　　　　In light of the foregoing, RIAA will not be designating a witness to testify in response to this

Topic.

## MATTER FOR EXAMINATION NO. 20:

RIAA's actions or efforts to address, attend to, or remedy actual, potential, or alleged issues or
problems with the MarkMonitor System or MarkMonitor Notices.

**RESPONSE:**  RIAA objects to this Topic as overbroad, not relevant and not proportional to the

needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

Procedure 26.  In particular, RIAA objects to this Topic to the extent it seeks testimony relating

to(1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or

Patriot, or by Grande's customers or users; (2) monitoring of internet traffic or sending notices other

than by Rightscorp; and (3) technical and business information of MarkMonitor that is not within

the possession, custody, or control of RIAA and/or that is obtainable more readily and with more

detail and accuracy from MarkMonitor.  RIAA further objects to this Topic as seeking information

protected by the attorney-client privilege, the work product doctrine, the common-interest privilege,

and any other applicable privilege or protection from disclosure.  In particular, RIAA objects to this

Topic on the ground that communications and information responsive to this Topic will

overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic. RIAA also objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6). In addition, RIAA further objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of the foregoing, RIAA will not be designating a witness to testify in response to this Topic.

## MATTER FOR EXAMINATION NO. 21:

All business relationships and associations between RIAA and any of the Plaintiffs.

**RESPONSE:** RIAA objects to this Topic as vague, overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, given that RIAA is the trade association for the sound recording industry, the Topic on its face asks RIAA to designate a witness to speak to the entirety of RIAA's business and operations. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. RIAA also incorporates by reference its

Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic.

**MATTER FOR EXAMINATION NO. 22:**

RIAA's engagement of Rightscorp, including communications and negotiations with Rightscorp.

**RESPONSE:** RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

Subject to and without waiving these objections, RIAA will designate one or more persons to testify generally as to non-privileged, discoverable information regarding the general nature of RIAA's engagement of Rightscorp relating to the claims in this lawsuit against Grande.

**MATTER FOR EXAMINATION NO. 23:**

RIAA's communications regarding Rightscorp's technology, including internal communications and external communications.

**RESPONSE:** RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp), that is already in the possession, custody, or control of Grande's or

Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic, but RIAA understands that Grande is seeking Rule 30(b)(6) testimony from Rightscorp, and therefore directs Grande to Rightscorp for testimony responsive to this Topic.

**MATTER FOR EXAMINATION NO. 24:**

All payments or consideration paid by or on behalf of the RIAA to Rightscorp.

**RESPONSE:** RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

Subject to and without waiving these objections, RIAA will designate one or more persons to testify generally as to non-privileged, discoverable information responsive to this Topic and that is regarding RIAA's engagement of Rightscorp relating to the claims in this lawsuit against Grande.

**MATTER FOR EXAMINATION NO. 25:**

The substance of the documents produced in response to Attachment B.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In addition, RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Defendants' written discovery requests, that is already in the possession, custody, or control of Defendants or Defendants' counsel, that is of no greater burden for Defendants to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not designate a specific person or persons on this Topic.

**MATTER FOR EXAMINATION NO. 26:**

The efforts and actions taken by RIAA in order to identify and locate responsive documents and prepare a witness to provide testimony in response to this subpoena.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. RIAA further objects to this Topic as seeking information protected by the attorney-

client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  RIAA also objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6).  In addition, RIAA further objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Defendants' written discovery requests, that is already in the possession, custody, or control of Defendants or Defendants' counsel, that is of no greater burden for Defendants to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive.  RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

Subject to and without waiving these objections, RIAA will designate one or more persons to testify generally as to non-privileged, discoverable information regarding RIAA's search for documents responsive to this subpoena.

## OBJECTIONS AND RESPONSES TO ATTACHMENT B: DEFINITIONS AND INSTRUCTIONS

### DEFINITION NO. 1:

"Recording Industry Association of America," "RIAA," "you," and "your" refers to Recording Industry Association of America, its parents, subsidiaries, divisions, predecessors, successors, affiliates, and any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf.

**RESPONSE:**  RIAA objects to this Definition as overbroad, unduly burdensome, not relevant to the parties' claims and defenses, not proportional to the needs of the case, and thus outside the scope of discovery permitted under Federal Rule of Civil Procedure 26, insofar as it concerns (1) parent, subsidiary or affiliate companies or entities not otherwise related to the matters at issue in this case,

or (2) information in the sole possession, custody, or control of RIAA's former employees, supervisors, managers, executives, board members, officers, directors, agents and contractors. RIAA also objects to this Definition to the extent it seeks information that is not within RIAA's possession, custody or control, or information that is not maintained in the ordinary course of business. In addition, RIAA further objects to this Definition as encompassing information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.

**INSTRUCTION NO. 1:**

You are to search for all documents and things within your possession, custody, or control, wherever located, including without limitation any documents or things placed in storage facilities or within the possession, custody, or control of any agent, employee, representative, attorney, investigator, or other person acting or purporting to act on your behalf (whether located at his or her residence or place of business) to fully respond to the requests.

**RESPONSE:** RIAA objects to this Instruction as overbroad, unduly burdensome, not relevant to the parties' claims and defenses, not proportional to the needs of the case, and thus outside the scope of discovery permitted under Federal Rule of Civil Procedure 26, insofar as it purports RIAA to search for and produce (1) documents in locations that are not reasonably accessible, and (2) documents in the sole possession, custody, or control of RIAA's former employees, supervisors, managers, executives, board members, officers, directors, agents and contractors. RIAA also objects to this Definition to the extent it seeks information that is not within RIAA's possession, custody or control, or information that is not maintained in the ordinary course of business. In addition, RIAA further objects to this Definition as encompassing information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.

**INSTRUCTION NO. 4:**

If a privilege or immunity is claimed with respect to any document or thing required by these requests, you shall provide a "Privilege Log" pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure including the following information regarding such document:
(A) the identification of the document by author and title or, if untitled, the general nature of the document (e.g. memorandum, handwritten note, report, etc.);
(B) the date on which the document was created;
(C) a brief summary of the subject matter to which the document relates;
(D) the identities of persons who received the documents;
(E) the precise legal grounds upon which the claim of privilege or immunity is made; and
(F) any further information necessary for Grande to assess the applicability of the privilege.

**RESPONSE:**  RIAA objects to this Instruction as overbroad, unduly burdensome, not relevant to the parties' claims and defenses, not proportional to the needs of the case, and thus outside the scope of discovery permitted under Federal Rule of Civil Procedure 26.  Given that documents responsive to this subpoena will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, it is unduly burdensome and harassing to require RIAA, which is not a party to this litigation, to prepare and submit a privilege log identifying all such withheld documents.

**INSTRUCTION NO. 5:**

You should label the documents produced to correspond to the document request to which the documents are responsive.

**RESPONSE:**  RIAA objects to this Instruction as inconsistent with the obligations of Federal Rules of Civil Procedure 26, 34 and 45.  RIAA will produce documents as they are maintained in the usual course of RIAA's business.

**INSTRUCTION NO. 6:**

If a document requested was, but is no longer, in your possession, custody, or control, you should state whether the document: (1) is missing or lost; (2) has been destroyed; (3) has been transferred, voluntarily or involuntarily, to others; or (4) has otherwise been disposed of. For each instance, explain the circumstances surrounding such disposition, the date or approximate date of such disposition, and the names and residences and business addresses of those persons with knowledge of such circumstances.

31

**RESPONSE:**  RIAA objects to this Instruction as unduly burdensome, harassing, and inconsistent with the obligations of Federal Rules of Civil Procedure 26, 34 and 45.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Documents and communications that refer or relate to agreements between you and any Plaintiff that pertain to Grande, Patriot, or this lawsuit, including but not limited to any agreement relating to use of evidence in a legal proceeding and any agreements relating to payment or remuneration derived from an award obtained by the RIAA or Plaintiffs in a legal proceeding.

**RESPONSE:**  RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26.  RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  In particular, RIAA objects to this Request on the ground that documents and information responsive to this Request will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA, which is not a party to this litigation, to search for documents responsive to this Request.  RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

In light of these objections, RIAA will not produce documents responsive to this Request.

### REQUEST FOR PRODUCTION NO. 2:

Documents that refer or relate to communications between you and any of the Plaintiffs concerning Grande, Patriot, and/or Grande Subscribers.

**RESPONSE:**  RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26.  RIAA further objects to this Request as seeking information protected by the

attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, RIAA objects to this Request on the ground that documents and information responsive to this Request will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA, which is not a party to this litigation, to search for documents responsive to this Request. RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

In light of these objections, RIAA will not produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 3:

Documents that refer or relate to the considerations that informed the decision(s) for sending notices of alleged copyright infringement such as Rightscorp Notices or MarkMonitor Notices to Grande.

**RESPONSE:** RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Request to the extent it seeks documents relating to (1) monitoring of internet traffic or sending notices other than by Rightscorp, and (2) technical and business information of Rightscorp or MarkMonitor, or other third parties, that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from those third-party entities. RIAA also objects to this Request as vague and undefined with respect to the terms "considerations" and "informed." RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, RIAA objects to this Request on the ground that documents and information responsive to this Request will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require

RIAA, which is not a party to this litigation, to search for documents responsive to this Request. RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

In light of these objections, RIAA will not produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 4:

Documents that refer or relate to the ability of the Rightscorp System, or the MarkMonitor System, or similar systems that purport to monitor and extract information from Peer-to-Peer file sharing networks to observe or detect specific instances of copyright infringement by subscribers of ISPs over Peer-to-Peer file sharing networks.

**RESPONSE:** RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Request to the extent it seeks documents relating to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users; (2) monitoring of internet traffic or sending notices other than by Rightscorp; and (3) technical and business information of Rightscorp or MarkMonitor, or other third parties, that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from those third-party entities. RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged documents responsive to this Request relating to Rightscorp, to the extent such documents exist, are in RIAA's possession, custody or control, and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 5:

Documents that refer, relate to, or constitute marketing materials, business plans, whitepapers, product manuals and specifications, and other materials that describe the features, functionality, capabilities, and operation of the Rightscorp System, or the MarkMonitor System, or similar systems that purport to monitor and extract information from Peer-to-Peer file sharing networks, as well as send notices of alleged infringement to internet services providers.

**RESPONSE:**  RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26.  In particular, RIAA objects to this Request to the extent it seeks documents relating to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users; (2) monitoring of internet traffic or sending notices other than by Rightscorp; and (3) technical and business information of Rightscorp or MarkMonitor, or other third parties, that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from those third-party entities.  RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged documents responsive to this Request relating to Rightscorp's detection of copyright infringement by, or sending copyright infringement notices to, Grande, Patriot, or Grande's subscribers or users, to the extent such documents exist, are in RIAA's possession, custody or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 6:**

Documents that refer or relate to negative feedback or criticism of the Rightscorp System, the MarkMonitor System, and/or similar systems that purport to monitor and extract information from Peer-to-Peer file sharing networks.

**RESPONSE:** RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Request to the extent it seeks documents relating to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users; (2) monitoring of internet traffic or sending notices other than by Rightscorp; and (3) technical and business information of Rightscorp or MarkMonitor, or other third parties, that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from those third-party entities. RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged documents responsive to this Request relating to Rightscorp's detection of copyright infringement by, sending copyright infringement notices to, Grande, Patriot, or Grande's subscribers or users, to the extent such documents exist, are in RIAA's possession, custody or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 7:**

Documents that refer or relate to negative feedback or criticism of the Rightscorp Notices, or MarkMonitor Notices, or other infringement notices sent to users of Peer-to-Peer file sharing networks.

**RESPONSE:**  RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26.  In particular, RIAA objects to this Request to the extent it seeks documents relating to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users; (2) monitoring of internet traffic or sending notices other than by Rightscorp; and (3) technical and business information of Rightscorp or MarkMonitor, or other third parties, that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from those third-party entities.  RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged documents responsive to this Request relating to Rightscorp's detecting copyright infringement by, or sending copyright infringement notices to, Grande, Patriot, or Grande's subscribers or users, to the extent such documents exist, are in RIAA's possession, custody or control, and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 8:

Documents that refer or relate to flaws, weaknesses, deficiencies, inefficiencies, errors, lack or absence of features or functionality, performance issues, modifications or improvements needed, or any other problem associated with the Rightscorp System, or the MarkMonitor System, or similar systems that purport to monitor and extract information from Peer-to-Peer file sharing networks, as well as send notices of alleged infringement to internet services providers.

**RESPONSE:**  RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

Procedure 26.  In particular, RIAA objects to this Request to the extent it seeks documents relating to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users; (2) monitoring of internet traffic or sending notices other than by Rightscorp; and (3) technical and business information of Rightscorp or MarkMonitor, or other third parties, that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from those third-party entities.  RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged documents responsive to this Request relating to Rightscorp's detecting copyright infringement by, or sending copyright infringement notices to, Grande, Patriot, or Grande's subscribers or users, to the extent such documents exist, are in RIAA's possession, custody or control, and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 9:

Documents that refer or relate to actual, potential, or alleged problems, limitations, or flaws concerning the ability to detect specific instances of copyright infringement in the Rightscorp System, or the MarkMonitor System, or similar systems that purport to monitor and extract information from Peer-to-Peer file sharing networks, as well as send notices of alleged infringement to internet services providers.

**RESPONSE:**  RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26.  In particular, RIAA objects to this Request to the extent it seeks documents relating to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or

Patriot, or by Grande's customers or users; (2) monitoring of internet traffic or sending notices other

than by Rightscorp; and (3) technical and business information of Rightscorp or MarkMonitor, or

other third parties, that is not within the possession, custody, or control of RIAA and/or that is

obtainable more readily and with more detail and accuracy from those third-party entities.  RIAA

further objects to this Request as seeking information protected by the attorney-client privilege, the

work product doctrine, the common-interest privilege, and any other applicable privilege or

protection from disclosure.  RIAA also incorporates by reference its Objections and Responses to

Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged

documents responsive to this Request relating to Rightscorp's detecting copyright infringement by,

or sending notices of copyright infringement to, Grande, Patriot, or Grande's subscribers or users, to

the extent such documents exist, are in RIAA's possession, custody or control, and are located after

a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 10:

Documents that refer or relate to legal and/or factual issues, deficiencies, or inaccuracies identified
by ISPs regarding Rightscorp Notices, MarkMonitor Notices, or other infringement notices sent to
users of Peer-to-Peer file sharing networks.

**RESPONSE:**  RIAA objects to this Request as overbroad, not relevant and not proportional to the

needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

Procedure 26.  In particular, RIAA objects to this Request to the extent it seeks documents relating

to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or

Patriot, or by Grande's customers or users; (2) monitoring of internet traffic or sending notices other

than by Rightscorp; and (3) technical and business information of Rightscorp or MarkMonitor, or

other third parties, that is not within the possession, custody, or control of RIAA and/or that is

obtainable more readily and with more detail and accuracy from those third-party entities.  RIAA

further objects to this Request as seeking information protected by the attorney-client privilege, the

work product doctrine, the common-interest privilege, and any other applicable privilege or

protection from disclosure.  RIAA also incorporates by reference its Objections and Responses to

Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged

documents responsive to this Request relating to Rightscorp's detecting copyright infringement by,

or sending notices of copyright infringement to, Grande, Patriot, or Grande's subscribers or users, to

the extent such documents exist, are in RIAA's possession, custody or control, and are located after

a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 11:

Documents that refer or relate to legal and/or factual issues, deficiencies, or inaccuracies identified
by ISPs regarding the Rightscorp System, or the MarkMonitor System, or similar systems that
purport to monitor and extract information from Peer-to-Peer file sharing networks, as well as send
notices of alleged infringement to internet services providers.

**RESPONSE:**  RIAA objects to this Request as overbroad, not relevant and not proportional to the

needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

Procedure 26.  In particular, RIAA objects to this Request to the extent it seeks documents relating

to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or

Patriot, or by Grande's customers or users; (2) monitoring of internet traffic or sending notices other

than by Rightscorp; and (3) technical and business information of Rightscorp or MarkMonitor, or

other third parties, that is not within the possession, custody, or control of RIAA and/or that is

obtainable more readily and with more detail and accuracy from those third-party entities.  RIAA

further objects to this Request as seeking information protected by the attorney-client privilege, the

work product doctrine, the common-interest privilege, and any other applicable privilege or

protection from disclosure.  RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged documents responsive to this Request relating to Rightscorp's detecting copyright infringement by, or sending notices of copyright infringement to, Grande, Patriot, or Grande's subscribers or users, to the extent such documents exist, are in RIAA's possession, custody or control, and are located after a reasonably diligent search.

### REQUEST FOR PRODUCTION NO. 12:

Documents that refer or relate to efforts or actions taken by Rightscorp to address or remedy any inaccuracies or deficiencies associated with the Rightscorp System or Rightscorp Notices.

**RESPONSE:**  RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26.  In particular, RIAA objects to this Request to the extent it seeks documents relating to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users, and (2) technical and business information of Rightscorp that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from Rightscorp.  RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged documents responsive to this Request relating to Rightscorp's detecting copyright infringement by, or sending notices of copyright infringement to, Grande, Patriot, or Grande's subscribers or users, to

the extent such documents exist, are in RIAA's possession, custody or control, and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 13:

Documents that refer or relate to efforts or actions taken by MarkMonitor to address or remedy any inaccuracies or deficiencies associated with the MarkMonitor System or MarkMonitor Notices.

**RESPONSE:** RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Request to the extent it seeks documents relating to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users; (2) monitoring of internet traffic or sending notices other than by Rightscorp; and (3) technical and business information of MarkMonitor that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from MarkMonitor. RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

In light of these objections, RIAA will not produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 14:

Documents reflecting communications between the RIAA and Rightscorp regarding Grande.

**RESPONSE:** RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other

applicable privilege or protection from disclosure.  In particular, RIAA objects to this Request on the ground that documents and information responsive to this Request will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA, which is not a party to this litigation, to search for documents responsive to this Request.  RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged documents responsive to this Request, to the extent such documents exist, are in RIAA's possession, custody or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 15:**

Documents reflecting communications between the RIAA and MarkMonitor regarding Grande.

**RESPONSE:**  RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26.  In particular, RIAA objects to this Request to the extent it seeks documents relating to monitoring of internet traffic or sending notices other than by Rightscorp.  RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.  In light of these objections, RIAA will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

Documents reflecting communications between the RIAA and any third-party (i.e., not a Plaintiff) regarding Grande.

**RESPONSE:**  RIAA objects to this Request as overbroad, not relevant and not proportional to the

43

needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

Procedure 26.  In particular, RIAA objects to this Request to the extent it seeks documents relating

to monitoring of internet traffic or sending notices other than by Rightscorp.  RIAA further objects

to this Request as seeking information protected by the attorney-client privilege, the work product

doctrine, the common-interest privilege, and any other applicable privilege or protection from

disclosure.  RIAA also incorporates by reference its Objections and Responses to Attachment B –

Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged

documents reflecting communications with Rightscorp responsive to this Request, to the extent such

documents exist, are in RIAA's possession, custody or control, and are located after a reasonably

diligent search.

**REQUEST FOR PRODUCTION NO. 17:**

Documents reflecting RIAA's engagement of Rightscorp, including communications and
negotiations with Rightscorp.

**RESPONSE:**  RIAA objects to this Request as overbroad, not relevant and not proportional to the

needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

Procedure 26.  RIAA further objects to this Request as seeking information protected by the

attorney-client privilege, the work product doctrine, the common-interest privilege, and any other

applicable privilege or protection from disclosure.  In particular, RIAA objects to this Request on

the ground that documents and information responsive to this Request will overwhelmingly, and

possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore

it is unduly burdensome and harassing to require RIAA, which is not a party to this litigation, to

search for documents responsive to this Request.  RIAA also incorporates by reference its

Objections and Responses to Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged documents responsive to this Request, to the extent such documents exist, are in RIAA's possession, custody or control, and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 18:

Documents reflecting RIAA's communications regarding Rightscorp's technology, including internal communications and external communications.

**RESPONSE:**  RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26.  In particular, RIAA objects to this Request to the extent it seeks documents relating to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users, and (2) technical and business information of Rightscorp that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from Rightscorp.  RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged documents responsive to this Request, to the extent such documents exist, are in RIAA's possession, custody or control, and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 19:

Documents reflecting all payments or consideration paid by or on behalf of the RIAA to Rightscorp.

**RESPONSE:**  RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

Procedure 26.  RIAA further objects to this Request as seeking information protected by the

attorney-client privilege, the work product doctrine, the common-interest privilege, and any other

applicable privilege or protection from disclosure.  In particular, RIAA objects to this Request on

the ground that documents and information responsive to this Request will overwhelmingly, and

possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore

it is unduly burdensome and harassing to require RIAA, which is not a party to this litigation, to

search for documents responsive to this Request.  RIAA also incorporates by reference its

Objections and Responses to Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged

documents responsive to this Request relating to the claims in this lawsuit against Grande, to the

extent such documents exist, are in RIAA's possession, custody or control, and are located after a

reasonably diligent search.


Dated: April 23, 2018                        Respectfully submitted,


By:   /s/ *Robert B. Gilmore*

Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

*Attorneys for Non-Party Respondent RIAA*

46

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true copy of the foregoing was served via Electronic Mail on the 23rd day of April, 2018, upon counsel of record.

Dated: April 23, 2018

*/s/ Robert B. Gilmore*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, WARNER BROS. RECORDS INC., SONY MUSIC ENTERTAINMENT, ARISTA RECORDS LLC, ARISTA MUSIC, ATLANTIC RECORDING CORPORATION, CAPITOL CHRISTIAN MUSIC GROUP, INC., ELEKTRA ENTERTAINMENT GROUP INC., FONOVISA, INC., FUELED BY RAMEN LLC, LAFACE RECORDS LLC, NONESUCH RECORDS INC., RHINO ENTERTAINMENT COMPANY, ROADRUNNER RECORDS, INC., ROC-A-FELLA RECORDS, LLC, TOOTH & NAIL, LLC, and ZOMBA RECORDING LLC,<br><br>      Plaintiffs,<br><br>vs.<br><br>GRANDE COMMUNICATIONS NETWORKS LLC<br>and<br>PATRIOT MEDIA CONSULTING, LLC,<br><br>      Defendants | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 1:17-cv-365<br><br>Jury Trial Demanded |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Plaintiffs file their Original Complaint against Defendants and would respectfully show the Court as follows:

1428389



## I. **INTRODUCTION**

1.      This is a case about the ongoing infringement of Plaintiffs' copyrights by Grande Communications Networks LLC ("Grande"), its management company Patriot Media Consulting, LLC ("Patriot," and together with Grande, "Defendants"), and its internet service users, and Defendants' failure and refusal to prevent these users from repeatedly infringing those copyrights.

2.      Plaintiffs are record companies that produce, manufacture, distribute, sell, and license the great majority of all legitimate commercial sound recordings in this country.

3.      Defendant Grande is a Texas Internet Service Provider ("ISP") that provides internet services to customers in Austin, Dallas, San Antonio, and other locations throughout the state.  Defendant Patriot is a company that has provided, and continues to provide, management services to Grande.

4.      Defendants have been notified that their internet customers have engaged *in more than one million infringements* of copyrighted works over BitTorrent systems (as described herein), including *tens of thousands of blatant infringements by repeat infringers of Plaintiffs' copyrighted works*.  Despite their knowledge of repeat infringements, Defendants have permitted repeat infringers to use the Grande service to continue to infringe Plaintiffs' copyrights without consequence.  Upon information and belief, neither Grande nor its management company Patriot has taken any meaningful action to discourage this continuing theft, let alone suspend or terminate subscribers who repeatedly commit copyright infringement through its network, as required by law.  Upon information and belief, this is so even where Defendants have specific and actual knowledge of those subscribers' blatant, repeat infringement.

5.      Upon information and belief, Defendants' policy of refusing to take meaningful action against repeat infringers protects a significant revenue stream that Grande receives every

2

month from its many infringing subscribers.   Defendants' effective acquiescence in this wholesale violation of Plaintiffs' rights, coupled with their failure to adopt and reasonably implement a policy to stop repeat infringers, excludes Defendants from the safe harbor protections of the Digital Millennium Copyright Act ("DMCA").   As a result, Defendants' knowledge of repeat infringements by identified subscribers occurring on Grande's service, along with their material contribution to, participation in, enablement of, and profiting from such infringement, renders Defendants liable for contributory and vicarious copyright infringement, and inducement of copyright infringement.

6.      Plaintiffs invest significant amounts of money, time, and effort to discover and develop recording artists, and to create, manufacture, advertise, promote, sell, and distribute sound recordings embodying their performances.   Defendants' actions, including their refusal to prevent their users' repeat infringement of those works, have caused — and continue to cause — Plaintiffs significant and irreparable harm.   Defendants' acts of infringement have eroded the legitimate sales and distribution of Plaintiffs' copyrighted sound recordings through physical and digital channels.   Plaintiffs are entitled to preliminary and permanent injunctive relief to stop Defendants' ongoing violation of Plaintiffs' rights, as well as damages resulting from Defendants' egregious infringing conduct.

## II. <u>JURISDICTION AND VENUE</u>

7.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

9.      This Court has personal jurisdiction over Grande because Grande resides in and does systematic and continuous business in Texas and in this judicial district.   Grande provides a

3

1428389

full slate of services in Texas, including internet, TV, and phone service, among others. Grande's corporate headquarters are located at 401 Carlson Circle, San Marcos, Texas, within this judicial district and division. Grande also has stores and service centers within this judicial district and division, including one at 911 W. Anderson Lane, Suite 123, Austin, TX 78757.

10.     This Court has personal jurisdiction over Patriot because Patriot does systematic and continuous business in Texas and in this judicial district and division, including providing executive and general counsel services to Grande at and through its corporate headquarters.

11.     In addition, many of the acts complained of herein occurred in Texas and in this judicial district. For example, many of the most egregious repeat infringers on Grande's network reside in Texas and in this judicial district. Plaintiffs have identified hundreds of accounts of Grande subscribers suspected of residing in Texas who have repeatedly infringed one or more of Plaintiffs' copyrighted works.

12.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(c), and/or 28 U.S.C. § 1400(a). A substantial part of the acts of infringement complained of herein occurs or has occurred in this judicial district, where Grande resides or may be found.

### III.      THE PARTIES

**A.      Plaintiffs**

13.     Plaintiff UMG Recordings, Inc. is a Delaware corporation with its principal place of business in Santa Monica, California.

14.     Plaintiff Capitol Records, LLC is a Delaware limited liability company with its principal place of business in Santa Monica, California.

15.     Plaintiff Warner Bros. Records Inc. is a Delaware corporation with its principal place of business in Burbank, California.

1428389

16.     Plaintiff Sony Music Entertainment is a Delaware partnership with its principal place of business in New York, New York.

17.     Plaintiff Arista Records LLC is a Delaware limited liability company with its principal place of business in New York, New York.

18.     Plaintiff Arista Music is a New York partnership with its principal place of business in New York, New York.

19.     Plaintiff Atlantic Recording Corporation is a Delaware corporation with its principal place of business in New York, New York.

20.     Plaintiff Capitol Christian Music Group, Inc. is a California corporation with its principal place of business in Santa Monica, California.

21.     Plaintiff Elektra Entertainment Group Inc. is a Delaware corporation with its principal place of business in New York, New York.

22.     Plaintiff Fonovisa, Inc. is a California corporation with its principal place of business in Santa Monica, California.

23.     Plaintiff Fueled by Ramen LLC is a Delaware limited liability company with its principal place of business in New York, New York.

24.     Plaintiff LaFace Records LLC is a Delaware limited liability company with its principal place of business in New York, New York.

25.     Plaintiff Nonesuch Records Inc. is a Delaware corporation with its principal place of business in New York, New York.

26.     Plaintiff Rhino Entertainment Company is a Delaware corporation with its principal place of business in Burbank, California.

1428389

27.     Plaintiff Roadrunner Records, Inc. is a New York corporation with its principal place of business in New York, New York.

28.     Plaintiff Roc-A-Fella Records, LLC is a New York limited liability company, with its principal place of business in New York, New York.

29.     Plaintiff Tooth & Nail, LLC is Delaware corporation with its principal place of business in Santa Monica, California.

30.     Plaintiff Zomba Recording LLC is a Delaware limited liability company with its principal place of business in New York, New York.

31.     Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, Warner Bros. Records Inc., Sony Music Entertainment, Arista Records LLC, Arista Music, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Tooth & Nail, LLC, and Zomba Recording LLC are collectively referred to herein as "Plaintiffs."

**B.    Defendants**

32.     Upon information and belief, Grande is a limited liability company organized and existing under the laws of the State of Delaware, with its headquarters at 401 Carlson Circle, San Marcos, TX 78666.

33.     Upon information and belief, Patriot is a limited liability company organized and existing under the laws of the State of New Jersey, with its headquarters at 650 College Road East, Suite 3100, Princeton, NJ 08540.   Patriot has provided, and continues to provide, management services to Grande.

6

1428389

## IV.     FACTUAL BACKGROUND

### Plaintiffs' Extensive and Valuable Copyrights

34.     Plaintiffs are the copyright owners of, or owners of exclusive rights with respect to, the great majority of copyrighted sound recordings sold in the United States, including sound recordings embodying the performances of some of the most popular and successful recording artists of all time, from Aerosmith to ZZ Top, Michael Jackson to Pink Floyd, Kanye West to Tony Bennett, Rihanna to Carrie Underwood, and many more.  Plaintiffs have invested, and continue to invest, significant money, time, effort, and creative talent to create, promote, sell, and license their sound recordings.

35.     Plaintiffs distribute and sell their sound recordings in the form of CDs and other tangible media throughout the United States, including in Texas.  Plaintiffs also sell, distribute, publicly perform and/or license their sound recordings in the form of digital audio files through legitimate and authorized digital services, such as iTunes, Amazon, Apple Music, Napster (formerly Rhapsody), and Spotify, which are available throughout the United States, including in Texas.

36.     Under the Copyright Act, Plaintiffs have the exclusive rights, among other things, to "reproduce the copyrighted work[s]," to "distribute copies or phonorecords of the copyrighted work[s] to the public," to "perform the copyrighted work publicly by means of a digital audio transmission," as well as to authorize or license such activities.  17 U.S.C. § 106.

37.     A non-exhaustive, illustrative list of Plaintiffs' federally copyrighted sound recordings that Defendants have illegally reproduced, distributed, and/or publicly performed for their users is attached hereto as Exhibit A (the "Copyrighted Sound Recordings").  Plaintiffs have received Certificates of Copyright Registration from the Register of Copyrights for each of

1428389

these Copyrighted Sound Recordings and/or have submitted complete applications for such registrations to the Copyright Office.

### Copyright Infringement Accomplished Over BitTorrent Systems

38.   Massive online infringement of copyrighted music and other digital works is a significant problem for the record industry, as well as for other content-owning industries. Historically, infringement occurred largely by an internet user downloading an entire copyrighted work from a website.   Then peer-to-peer (P2P) services, such as Napster and Grokster, enabled internet users to obtain copyrighted works directly from another internet user, limiting the effectiveness of measures taken against websites hosting copyrighted works for download on the internet.   Now infringement frequently occurs over BitTorrent networks that distribute the copyrighted works in small pieces using many users' computers working together. BitTorrent systems allow users to join a "swarm" of collaborating host computers to download and upload copyrighted works from each other simultaneously.   When a file is requested, BitTorrent software identifies multiple computers hosting the identical file, takes small pieces of the requested file from each of those host computers, and downloads them simultaneously onto the requester's computer where they will be reassembled into one file.   These pieces become immediately available for further distribution and download to other infringing users.

39.   BitTorrent allows large files, such as entire catalogs of recordings, to be transferred quickly and efficiently, all for free and without authorization from the owner of that content.  Moreover, the BitTorrent systems are designed so that the more files a user offers for download to others, the faster the user's own downloads become.   In this manner, BitTorrent systems reward the users who make the most copyrighted works available for download.   This results in a much more efficient system for unauthorized copying – speeding up the process and

8

shrinking the internet connection bandwidth for uploading and downloading.  In a 2013 report, NetNames estimated that 99.97% of non-pornographic files distributed by BitTorrent systems infringe copyrights, and there is no evidence that this figure has changed since.

40.     The Copyright Act of 1976 ("Copyright Act") imposes liability not only on those that directly infringe copyrights, but also on those that induce or contribute to such infringement, or are vicariously liable for its occurrence.  This is the case whether the infringement pertains to physical product or digital files over the internet.

41.     When infringement occurs via the use of services provided by ISPs, the DMCA offers a safe harbor from secondary copyright infringement liability to innocent ISPs that satisfy certain statutory conditions.  As a threshold matter, to be eligible for the safe harbor, an ISP is required, among other things, to adopt and reasonably implement a policy that provides for the termination of subscribers and account holders that are repeat copyright infringers.

42.     As noted above, Plaintiffs are well-known record companies.  They are in the business of producing, manufacturing, distributing, selling, licensing, and facilitating the distribution, sale, public performance, and other authorized uses of sound recordings (*i.e.*, recorded music) to which they own or control exclusive rights in copyright in the United States. The considerable artistic quality of Plaintiffs' sound recordings is well-known in Texas, and throughout the United States and the world.

43.     In an effort to combat the massive pirating of their copyrighted works, certain rights holders have engaged Rightscorp, Inc. ("Rightscorp").  Rightscorp has developed a technological system that identifies actual infringements and the perpetrators of these infringements (by IP address, port number, time, and date).  It does so by monitoring BitTorrent systems and extracting information about the infringing activity, including, *inter alia,* the IP

address, the ISP, the infringing content, and the suspected location of the host computer accessing BitTorrent networks. Rightscorp's system also has the capability to acquire entire files from the infringing host computers. Using this system, Rightscorp has notified ISPs, including Grande, of specific instances of first-time and repeat copyright infringement committed by their account holders and has requested that the ISPs, including Grande, notify their account holders of these infringements.

### Defendants' Knowledge of Extensive and Continuing Copyright Infringement by Grande's Subscribers

44.     Grande provides its subscribers with high-speed internet service. It claims that "Grande Internet service provides you with an online experience that delivers unlimited access to a wealth of resources." *See* http://mygrande.com/internet. And, "with speeds up to 1 GB, Grande offers the fastest Internet speeds in town to support your entire family online at once." *Id.* In exchange for this service, Grande charges its subscribers monthly fees ranging from approximately $29.99 for 50 Mbps download speeds and 5 Mbps upload speeds, to approximately $64.99 for 400 Mbps download speeds and 20 Mbps upload speeds. *Id.*

45.     After purchasing high-speed internet access from Grande, subscribers can access BitTorrent networks and upload and download copyrighted works with ease and increasing speed, depending upon the level of Grande service that the subscribers purchase. Thus, Grande provides its subscribers with a fully functioning system that allows them to engage in copyright infringement on a massive scale using BitTorrent networks. And for those subscribers who want to pirate more and larger files at faster speeds, Grande obliges them in return for higher fees. The greater the bandwidth its subscribers require for pirating content, the more money Grande receives.

1428389

46.     Having created and (for a monthly fee) provided its subscribers with the site and facilities to engage in copyright infringement, Grande is required to implement a policy that effectively addresses repeat infringers if it desires safe harbor protection under the DMCA. However, Grande has chosen not to adopt and reasonably implement policy for preventing repeat infringement.

47.     Rightscorp has provided Grande with notice of specific infringers using Grande's internet service to infringe various copyrighted works.  Rightscorp also requested that Grande terminate the "subscribers and account holders" who are repeat infringers of copyrighted works. Despite its knowledge of specific repeat infringers of copyrighted works, Grande apparently refused to do so.

48.     The notifications Grande received were based upon a software system Rightscorp developed and employed.  This system identifies specific actual infringements of various copyrighted works and the users of BitTorrent networks who infringe these copyrighted works. At its most basic level, the software searches for specific copyrighted content.  When it communicates with a host computer using BitTorrent that acknowledges it has specific copyrighted content available for unauthorized distribution, the software will log certain identifying information (*e.g.*, the IP address and port number of the host computer, the date and time the host computer offered the content, the name of the host computer's ISP, and information about the infringing file).  Upon collecting this information, Rightscorp sends a notice of infringement to Grande, detailing the exact nature of the infringement(s).  Each notice requests that Grande forward the notice to the corresponding Grande subscriber, because only Grande, as the ISP, can identify and contact the account holder.  Thereafter, Grande's network is

continuously monitored to determine if the same subscriber is a repeat infringer who continues to infringe copyrighted works. If repeat infringement is detected, Grande is further notified.

49.     Through this process, Grande has been put on notice and informed of more than one million infringements, and that thousands of subscriber accounts have engaged in repeated acts of copyright infringement. Prior to the filing of this complaint, Grande received notice that 1,840 of its customers had each engaged in infringement *at least one hundred times*. At least 456 of Grande's customers had generated 500 notices of infringement. More than 208 customers each generated at least 1,000 notices of infringement. And some of Grande's customers generated more than 2,000 notices of infringement each. Because Rightscorp can only observe a small percentage of the overall activity of Grande subscribers, upon information and belief, the infringement Rightscorp reported to Grande likely is merely a small fraction of the infringing activity occurring over Grande's network.

50.     Grande has had actual and ongoing specific knowledge of the repeat infringements by its subscribers of the Copyrighted Sound Recordings occurring through the use of its service for years. Upon information and belief, through its role in providing management services to Grande, Patriot, too, has actual and ongoing specific knowledge of these repeat infringements, including as a result of Rightscorp's notifications.

51.     Nonetheless, Defendants have refused to take any meaningful action to discourage this wrongful conduct, let alone suspend or terminate the accounts of repeat infringers. The reason that Defendants have not done so is obvious – it would cause Grande to lose revenue from the subscription fees that these infringing customers pay to Grande.

52.     By their actions, Defendants have intentionally ignored and continue to ignore the overwhelming evidence that provides them with actual knowledge of repeat copyright infringers

12

1428389

on Grande's network.  Grande cannot have any meaningful, effective repeat infringer policy, let alone one that is reasonably implemented as required by the DMCA, if it and its management services provider, Patriot, purposefully ignore notice of repeat infringers sent from copyright owners (through Rightscorp), who are tracking the repeat infringers on the Grande network and providing Defendants with actual knowledge of those repeat infringers on a daily basis.

53.      By ignoring the repeat infringement notifications and refusing to take action against repeat infringers, Defendants have made an affirmative decision to contribute to known copyright infringement and to continue reaping the substantial financial benefits in the form of subscription fees and fees for higher bandwidth.  Defendants' conduct renders them ineligible for safe harbor immunity from copyright liability under the DMCA.

54.      Grande intentionally circumvented the DMCA's requirements by ignoring infringement notices and failing to take action against users it knew repeatedly and blatantly committed copyright infringement.  Thus, Grande cannot as a matter of law avail itself of the safe harbor provided for by the DMCA, and is fully liable for these acts of infringement.

55.      Because it provided executive and general counsel services to Grande, Patriot is equally liable for Grande's failure to comply with its legal responsibilities and for the copyright infringement that resulted from those failures.  Upon information and belief, Patriot's infringing conduct includes, among other things, formulating and implementing the business policies, procedures, and practices that provide repeat infringers with continued internet service through Grande, without consequence.

56.      Defendants' infringing conduct includes providing the facilities and products necessary for its subscribers to commit direct infringement by delivering uninhibited access to the internet, as well as the system and technology that allow for the storage and transmission of

data constituting the infringing files that comprise the Copyrighted Sound Recordings.   In addition to providing the site and facilities for the infringement, Defendants materially contribute to subscribers' direct infringement by providing continued access to account holders they know to be repeat infringers.

57.   Grande directly profits from repeat infringers.   Grande collects significant fees from its subscribers, and subscribers who frequently upload copyrighted content often pay higher monthly premiums for higher bandwidth.   Grande has been notified of thousands of repeat infringers on the Grande network.   Plaintiffs believe the total number of actual repeat infringers on the Grande network not known to Plaintiffs is drastically higher.

58.   Grande touts an internet service that provides its subscribers "with an online experience that delivers unlimited access to a wealth of resources"-- "with speeds up to 1 GB" -- which Grande advertises as "the fastest Internet speeds in town to support your entire family online at once."   It makes these representations while knowing that many of its subscribers use its service for copyright infringement.   Yet it willfully takes no action to prevent repeat infringement.   By these acts and omissions, Grande induces the infringement of Plaintiffs' copyrights by Grande's subscribers.

59.   Despite the continuous and frequent notifications to Defendants of specific instances of infringement and repeat infringement committed by Grande's subscribers, and Defendants' knowledge thereof, Defendants have refused to take action against any meaningful number of Grande subscribers who are repeat infringers, and Grande continues to collect substantial money in subscription fees from accounts of known repeat infringers.   Therefore, Defendants materially contribute to, financially benefit from, and induce the direct copyright infringement of Grande's subscribers.

14

1428389

## V. **CAUSES OF ACTION**

**Count One – Secondary Copyright Infringement Against Grande**
**17 U.S.C. § 101 *et seq.***

60.     Plaintiffs repeat and reallege every allegation contained in paragraphs 1 through 59 as if fully set forth herein.

61.     As detailed herein, users of the Grande service are engaged in repeat and pervasive infringement of Plaintiffs' exclusive rights to reproduce, distribute, and publicly perform their Copyrighted Sound Recordings.

62.     Through its conduct, Grande knowingly and intentionally induced, enticed, persuaded, and caused its subscribers to infringe Plaintiffs' Copyrighted Sound Recordings, and continues to do so, including but not limited to those sound recordings listed in Exhibit A hereto, in violation of Plaintiffs' copyrights.

63.     Through its activities, Grande knowingly and intentionally takes steps that are substantially certain to result in direct infringement of Plaintiffs' Copyrighted Sound Recordings, and that have resulted in such direct infringement, including but not limited to the direct infringement of those sound recordings listed in Exhibit A hereto, in violation of Plaintiffs' copyrights.

64.     Despite its knowledge that infringing material is made available to its subscribers by means of the Grande service, Grande has failed to take reasonable steps to minimize the infringing capabilities of its service.

65.     Grande is liable as a contributory copyright infringer for the infringing acts of its subscribers.  Grande has actual and constructive knowledge of the infringing activity of its subscribers.   Grande knowingly caused and otherwise materially contributed to these unauthorized reproductions and distributions of Plaintiffs' Copyrighted Sound Recordings,

1428389

including but not limited to those sound recordings listed in Exhibit A hereto, and continues to do so.

66.     Grande is vicariously liable for the infringing acts of its subscribers.  Grande has the right and ability to supervise and control the infringing activities that occur through the use of its service, and at all relevant times has derived a direct financial benefit from the infringement of Plaintiffs' copyrights.  Grande has refused to take any meaningful action to prevent the widespread infringement by its subscribers.  Indeed, the availability of music – and particularly Plaintiffs' music – acts as a powerful draw for users of Grande's service, who use that service to download infringing music files using BitTorrent protocols.  Grande is therefore vicariously liable for the unauthorized reproduction, distribution, and public performance of Plaintiffs' Copyrighted Sound Recordings, including but not limited to those sound recordings listed in Exhibit A hereto.

67.     Grande's infringement of Plaintiffs' rights in each of their Copyrighted Sound Recordings constitutes a separate and distinct act of infringement.

68.     Grande's acts of infringement are willful, intentional and purposeful, in disregard of and indifferent to the rights of Plaintiffs.

69.     As a direct and proximate result of Grande's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to up to the maximum amount of statutory damages, pursuant to 17 U.S.C. § 504(c), with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

70.     In the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to their actual damages, including Grande's profits from infringement, in amounts to be proven at trial.

1428389

71.    Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

72.    Grande's conduct has caused, is causing, and, unless enjoined by this Court, will continue to cause Plaintiffs irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a preliminary and permanent injunction prohibiting infringement of Plaintiffs' copyrights and exclusive rights under copyright.

### Count Two – Secondary Copyright Infringement Against Patriot
### 17 U.S.C. § 101 *et seq.*

73.    Plaintiffs repeat and reallege every allegation contained in paragraphs 1 through 72 as if fully set forth herein.

74.    As described above, users of the Grande service are engaged in repeat and pervasive infringement of Plaintiffs' exclusive rights to reproduce, distribute, and publicly perform their Copyrighted Sound Recordings.

75.    Upon information and belief, during the relevant period, Patriot was responsible for management of Grande, including performing executive, legal, and compliance responsibilities.

76.    Patriot knowingly and intentionally induced, enticed, persuaded, and caused Grande's subscribers to infringe Plaintiffs' copyrights in their sound recordings, and continues to do so, including but not limited to those sound recordings listed in Exhibit A hereto, in violation of Plaintiffs' copyrights.

77.    Through its management of Grande, Patriot knowingly and intentionally takes steps that are substantially certain to result in direct infringement of Plaintiffs' Copyrighted

17

Sound Recordings, including but not limited to those sound recordings listed in Exhibit A hereto, in violation of Plaintiffs' copyrights.

78.     Despite its knowledge that infringing material is made available to Grande's subscribers by means of the Grande service, Patriot has failed to take reasonable steps to minimize the infringing capabilities of the service.

79.     Patriot is liable as a contributory copyright infringer for Grande subscribers' infringing acts.  Patriot has actual and constructive knowledge of Grande subscribers' infringing activity.  Patriot knowingly caused and otherwise materially contributed to these unauthorized reproductions and distributions of Plaintiffs' Copyrighted Sound Recordings, including but not limited to those sound recordings listed in Exhibit A hereto, and continues to do so.

80.     Patriot is vicariously liable for the infringing acts of Grande's subscribers.  Patriot has the right and ability to supervise and control the infringing activities that occur using the Grande service, and at all relevant times has derived a direct financial benefit from the infringement of Plaintiffs' copyrights.  Indeed, the availability of music – and particularly Plaintiffs' music – acts as a powerful draw for subscribers to Grande's service who use that service to download infringing music files using BitTorrent protocols.  Patriot has refused to take any meaningful action to prevent the widespread infringement by Grande's subscribers.  Patriot is therefore vicariously liable for the unauthorized reproduction, distribution, and public performance of Plaintiffs' Copyrighted Sound Recordings, including but not limited to those sound recordings listed in Exhibit A hereto.

81.     Patriot's infringement of Plaintiffs' rights in each of their Copyrighted Sound Recordings constitutes a separate and distinct act of infringement.

1428389

82.     Patriot's acts of infringement are willful, intentional and purposeful, in disregard of and indifferent to the rights of Plaintiffs.

83.     As a direct and proximate result of Patriot's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled up to the maximum amount of statutory damages, pursuant to 17 U.S.C. § 504(c), for each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

84.     In the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to their actual damages, including Patriot's profits from infringement, in amounts to be proven at trial.

85.     Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

86.     Patriot's conduct has caused, is causing, and, unless enjoined by this Court, will continue to cause, Plaintiffs irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a preliminary and permanent injunction prohibiting infringement of Plaintiffs' copyrights and exclusive rights under copyright.

## VI.     <u>REQUEST FOR RELIEF</u>

**WHEREFORE,** Plaintiffs pray for judgment against Defendants, and each of them, as follows:

a.     For statutory damages pursuant to 17 U.S.C. § 504(c), in an amount up to the maximum, per infringed work, arising from Defendants' violations of Plaintiffs' rights under the Copyright Act or, in the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(b), Plaintiffs' actual damages, including Defendants' profits from infringement, in amounts to be proven at trial;

19

1428389

b.  For a preliminary and permanent injunction enjoining Defendants and their respective officers, agents, servants, employees, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, (1) from directly or indirectly infringing in any manner any of Plaintiffs' respective copyrights or other exclusive rights (whether now in existence or hereafter created), including without limitation, copyrights or exclusive rights under copyright in the Copyrighted Sound Recordings, (2) from causing, contributing to, enabling, facilitating, or participating in the infringement of any of Plaintiffs' respective copyrights or other exclusive rights (whether now in existence or hereafter created), including without limitation, copyrights or exclusive rights under copyright in the Copyrighted Sound Recordings, and (3) to promptly send infringement notices to Grande's infringing subscribers.

c.  For prejudgment and post-judgment interest according to law;

d.  For Plaintiffs' attorneys' fees, and full costs and disbursements in this action; and

e.  For such other and further relief as the Court may deem proper and just.

## VII.    <u>JURY DEMAND</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs respectfully demand trial by jury of all issues triable by right of jury.


Dated: April 21, 2017

Respectfully submitted,

By:  /s/ Daniel C. Bitting
     Daniel C. Bitting
     State Bar No. 02362480
     Paige A. Amstutz
     State Bar No. 00796136

20

1428389

**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

Pat A. Cipollone, P.C. (*pro hac vice* forthcoming)
Jonathan E. Missner (*pro hac vice* forthcoming)
Robert B. Gilmore (*pro hac vice* forthcoming)
Philip J. O'Beirne (*pro hac vice* forthcoming)
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

***Attorneys for Plaintiffs***

1428389

## CERTIFICATION OF CONFERENCE

The undersigned counsel for Grande Communications Networks LLC ("Grande") hereby certifies that counsel for Grande conferred with counsel for RIAA on May 2, 2018 via telephone regarding RIAA's objections to Grande's subpoena.   RIAA refused to withdraw the objections addressed in this motion or to produce responsive documents subject to the objections. Accordingly, the parties did not reach an accord.


/s/ Nicholas B. Clifford
Counsel for Grande Communications Networks LLC