| | |
|---|---|
| **Subject:** | RE: RIAA v. Grande - Outstanding Discovery Disputes [IWOV-iDocs.FID3130226] |
| **Date:** | Thursday, May 10, 2018 at 6:41:27 PM Eastern Daylight Time |
| **From:** | Robert B. Gilmore |
| **To:** | Richard L. Brophy, Phil O'Beirne, Jonathan E. Missner |
| **CC:** | Zachary C. Howenstine, Maggie Szewczyk, Nicholas B. Clifford, Jr., Paul L. Smelcer |
| **Attachments:** | image001.jpg |

Richard:

We write to respond to your email below and to follow up on our meet and confer call from yesterday.

I.  Grande's Responses to Plaintiffs' Discovery Requests

**Document Production:** you indicated yesterday that Grande would be producing all responsive documents, or inform us that no such documents exist, in response to section B. of Phil's April 19, 2018 letter. Please provide us with a date certain, in no event later than May 25, 2018, when all such documents will be produced.

**Interrogatories:**
- Interrogatory 7: as we discussed, we believe it is clear that Grande can, in fact, generate the reports you describe. Please confirm that Grande can and will generate these reports by the end of the day tomorrow, May 11, 2018.
- Interrogatory 13: we discussed, which your email below does not address. You indicated that Grande's investigation into whether or not the letters exist is still ongoing. As you know, this issue has dragged on for many months. Therefore, we need Grande to state in writing, by May 18, 2018, either that it has located and will identify/produce such letters, or that it has concluded its investigation and found no such letters.
- Interrogatory 14: on further consideration, we need a full answer to this interrogatory, and are prepared to move on this absent a complete response.

Please confirm that Defendants will amend their responses by May 18, 2018.

II.  Plaintiffs'/RIAA's/Rightscorp's Responses to Grande's Discovery Requests

**Completeness of Plaintiffs' Document Production:** as we have discussed, Plaintiffs do not anticipate any significant volume of additional emails to be produced within the current scope of Plaintiffs' response (i.e., the response subject to Plaintiffs' objections). I informed you yesterday that Plaintiffs anticipate that they might produce additional documents in the following categories:
- documents over which Plaintiffs have a colorable privilege/work product claim, but are willing to produce subject to Defendants' agreement not to assert waiver of such privilege/work product as a result of such production;
- documents that, upon further review by Plaintiffs in the course of preparing their privilege logs, Plaintiffs deem non-privileged and responsive (subject to Plaintiffs' objections); and
- additional documents evidencing ownership of the works in suit by UMG.

In addition, there is one additional category that we previously raised with you and Zach on prior calls but did not come up on yesterday's call:
- certain documents from Sony had some technical issues that we are working to resolve with Sony and our e-discovery vendor; once those issues are resolved, we will produce non-privileged and

responsive documents (subject to Plaintiffs' objections) from among that set.

**Completeness of RIAA's production:** as we discussed yesterday, RIAA, like Plaintiffs, does not anticipate producing any substantial amount of additional documents.  As we discussed, RIAA anticipates producing the following documents:
- the RIAA – Rightscorp litigation consulting agreement related to this lawsuit, if Defendants agree not to assert waiver of privilege/work product as a result of RIAA producing that agreement.
- Documents sufficient to show RIAA's payments to Rightscorp in connection with the above-referenced litigation consulting arrangement for this lawsuit.

**Completeness of Rightscorp's production:**  Rightscorp is in the process of responding to Defendants' second subpoena.  As for its first subpoena, other than the RIAA – Rightscorp agreement referenced above, and making available for inspection the Rightscorp software and code, Rightscorp does not anticipate producing additional documents in response to Defendants' first subpoena, other than documents that, upon further review by Rightscorp in the course of preparing its privilege log, Rightscorp deems non-privileged and responsive (subject to Rightscorp's objections).

**Plaintiffs' Withholding of Documents:** Plaintiffs will identify in writing those of Defendants' document requests for which Plaintiffs are withholding documents in light of Plaintiffs' objections, with the understanding that Defendants will do likewise with respect to Plaintiffs' document requests.  We propose doing so by end of the day on Monday, May 14, 2018.

**Privileged/Work Product-Protected Nature of Plaintiffs/RIAA – Rightscorp Arrangement:**  your statements that we have not offered any basis for asserting the privileged/work product nature of the arrangement and communications between Rightscorp and Plaintiffs/RIAA is incorrect.  As we discussed on yesterday's call, and as Zach and I discussed last week, in 2016, Plaintiffs/RIAA engaged Rightscorp for litigation purposes pursuant to the agreement referenced above.  Thus, the communications between Plaintiffs/RIAA, and Rightscorp, generated in connection with this litigation, are all created in anticipation of or during the conduct of this lawsuit, and therefore are squarely protected by the work product doctrine.  What is more, in connection with this litigation, Plaintiffs/RIAA and Rightscorp share a common interest and have acted pursuant to a joint prosecution arrangement, and Rightscorp has acted at the direction of counsel.  Therefore, their communications also are privileged.

Plaintiffs, RIAA, and Rightscorp have produced or will be producing responsive, non-privileged documents, namely, (1) notices sent to Grande, (2) downloads of works infringed by Grande customers, (3) the files and data indicating a match between the downloaded works and Plaintiffs' Copyrighted Sound Recordings that are the works in suit, and (4) the RIAA – Rightscorp agreement (if Defendants agree to the non-waiver agreement).

In addition, Plaintiffs and Rightscorp also are producing responsive, non-privileged documents evidencing communications or (in the case of Plaintiffs) referencing Rightscorp, that were not generated in connection with this litigation, to the extent that such documents are identified in the materials that Plaintiffs and Rightscorp collected in response to Defendants' requests (as objected to by Plaintiffs).

As we discussed on the phone with you yesterday, we agree that this issue appears to be in dispute, and we similarly feel that if Defendants are going to persist in their unwarranted disagreement with Plaintiffs/RIAA and Rightscorp's privilege/work product assertion in this regard, and move to compel, that issue can and should be presented to the court before the parties exchange privilege logs.

**Documents/information about online copyright infringement detection/notification systems other than the Rightscorp system (e.g., MarkMonitor):** Plaintiffs/RIAA stand on their objections to producing documents and information about these systems.  As we discussed yesterday, you and Zach have claimed (1) that MarkMonitor was retained by RIAA to issue notices of copyright infringement to Grande, and (2) MarkMonitor's system is the same as or substantially similar to Rightscorp.  We are still investigating both assertions, and I asked you to provide us with the information that has led you to make these assertions, so that we can evaluate our position on producing these documents/data based on all available information.

**Documents/information about notices of copyright infringement sent to ISPs other than Grande:** Plaintiffs/RIAA stand on their objections to producing documents and information in this category.  I would note that, based on arguments Defendants made, the magistrate judge previously ruled that Patriot did not have to produce documents about other ISPs' DMCA policies and practices with regard to online copyright infringement.  This ruling further confirms that our objection to Defendants' requests in this regard are proper.

**Plaintiffs' Objections to Defendants' 30(b)(6) Notices:**  In terms of the revisions to the specific topics you set forth in your email below:
- **Topics 4 & 43:**  you indicated that you would inform us 14 days before the deposition, which discovery requests you wished to depose a witness about.  We agreed we would consider that request but reserved the right to object if the requests that Defendants identified were too numerous or irrelevant.
- **Topic 10:**  in light of your revision, Plaintiffs will designate one or more witnesses to testify generally as to non-privileged, discoverable information regarding this topic, other than as to Defendants' own documents, discovery responses, witness testimony, or expert reports, or is set forth in reports of experts designated by Plaintiffs.
- **Topics 26 & 27:** Plaintiffs stand on their objections.
- **Topic 31:** Plaintiffs stand on their objections, particularly given that, as we discussed with you, Plaintiffs do not agree to logging privileged or work product documents/communications generated in connection with this litigation.
- **Topic 46:** in light of your revision, Plaintiffs will designate one or more witnesses to testify generally as to non-privileged, discoverable information regarding this topic specifically as it relates to Grande, other than as to Defendants' own documents, discovery responses, witness testimony, or expert reports, or is set forth in reports of experts designated by Plaintiffs.

During our call, we discussed your contention that a party resisting designating 30(b)(6) testimony on an overbroad or irrelevant topic bears the burden of seeking a protective order.  We asked that you send any precedent you rely on in support of your contention, and you agreed to do so.  We reserve the right to revisit our position based on any precedent you provide us in this regard, but Plaintiffs otherwise stand on their objections and responses.

**Plaintiffs' objections and responses to Defendants' document requests:** Plaintiffs stand on their objections and responses to the requests identified in your April 25, 2018 letter, as well as the revised versions of Requests 56 and 63 set forth in your email below.  I would note that your revisions to Request 63 do not narrow that request, but reinvent it into a request arguably broader, and different, than the one Defendants actually propounded.

However, as we discussed with you during yesterday's call, notwithstanding Plaintiffs' objections, Plaintiffs are producing non-privileged documents that are broader than the scope of their objections, while reserving the right to stand on those objections, with respect to at least two categories of documents: (1) documents related to Rightscorp, and (2) documents related to the use

of BitTorrent to commit online copyright infringement.  Plaintiffs' scope of search and collection efforts was defined by Plaintiffs' objections to Defendants' document requests (i.e., Plaintiffs identified custodians and sources reasonably likely to have documents responsive to what Plaintiffs indicated they would produce subject to Plaintiffs' objections).  But, to the extent a non-privileged document in these two categories is identified in such collected materials that is otherwise responsive to Defendants' requests **as written**, Plaintiffs have produced such documents.

**Grande's deposition subpoena to RIAA:**  First, following up on my meet and confer with Zach about this subpoena from last week, RIAA has revisited its position on the following topics:
- Topics 1, 2, 8, 10, and 11:  RIAA will designate one or more witnesses to testify in response to these topics as to non-privileged information relating to the evidence that RIAA received from Rightscorp in connection with this litigation (Rightscorp notices sent to Grande regarding online infringement by Grande customers, and Rightscorp's downloads of copyrighted works that were being shared/downloaded by Grande customers), as well as evidence that RIAA itself generated in connection with this litigation (running the Rightscorp-downloaded works through the Audible Magic database, and files/data showing matches between the downloaded works and Plaintiffs' Copyrighted Sound Recordings).

Second, RIAA is in the process of investigating whether it engaged MarkMonitor or any other service that sent notices of copyright infringement to Grande or its Grande's customers.  We expect that investigation to be concluded by early next week, and will revert back on that point as it might affect RIAA's responses on this topic.

Third, RIAA responds to your email below as follows:
- Topic 21: RIAA agrees to designate one or more witnesses to testify as to non-privileged information in response to the topic as revised in your email.
- Topic 25: RIAA's witness(es) will be prepared to testify as to non-privileged information regarding the documents/materials it has produced that are discussed above.

RIAA otherwise stands on its objections and responses to Grande's deposition subpoena.

### III.    Discovery Schedule

You and we discussed that it was sensible to extend the current discovery schedule out another 30 days, to have fact discovery conclude on July 2, 2018, with expert discovery and summary judgment deadlines similarly extended (something we previously indicated to you and to the Court that we were willing to do).  Here are the proposed dates:

- Fact Discovery Cut-off: July 6, 2018
- Plaintiffs' Opening Expert Reports: July 13, 2018
- Defendants' Opening Expert Reports: August 3, 2018
- Defendants' Rebuttal Expert Reports: August 17, 2018
- Close of Expert Discovery:  September 7, 2018
- Parties To File Motions for Summary Judgment No Later Than:  September 11, 2018

We are happy to discuss these proposed modifications with you.

Also, we discussed with you scheduling depositions.  You have our list of requested witnesses; please provide us with dates for those depositions.  As for Plaintiffs' witnesses, you indicated that you would refine your request after you have finished your review of Plaintiffs' documents.  We agree to confer with you further on the deposition of Plaintiffs' witnesses.  In the meantime, we will at a minimum

obtain dates for Plaintiffs' 30(b)(6) designees as well as the RIAA and Rightscorp witnesses.

Regards,
Rob Gilmore

**Robert B. Gilmore**
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Ave, NW, Suite 1100
Washington, DC 20036
**D** 202.601.1589
**C** 202.352.1877
**F** 202.296.8312
rgilmore@steinmitchell.com
www.steinmitchell.com

---

**From:** Richard L. Brophy [mailto:RBrophy@ArmstrongTeasdale.com]
**Sent:** Wednesday, May 09, 2018 2:36 PM
**To:** Phil O'Beirne <POBeirne@steinmitchell.com>; Robert B. Gilmore <RGilmore@steinmitchell.com>; Jonathan E. Missner <JMissner@steinmitchell.com>
**Cc:** Zachary C. Howenstine <ZHowenstine@ArmstrongTeasdale.com>; Maggie Szewczyk <MSzewczyk@ArmstrongTeasdale.com>; Nicholas B. Clifford, Jr. <nclifford@ArmstrongTeasdale.com>; Paul L. Smelcer <PSmelcer@ArmstrongTeasdale.com>
**Subject:** RIAA v. Grande - Outstanding Discovery Disputes [IWOV-iDocs.FID3130226]

Phil,

This email is intended to address a number of the Parties' outstanding discovery issues. Each major topic is identified in bold below.

**First**, pursuant to the Parties' agreement we set forth below Grande's final answers regarding Plaintiffs' outstanding discovery issues. During our meet and confer sessions, I understand that we addressed and resolved a majority of the issues presented in your April 19, 2018 letter. Grande's responses to what we understand to be the remaining outstanding issues are as follows:

Interrogatory 12:

Grande will agree to provide the number of subscribers terminated under its DMCA policy. Grande will not agree to provide information regarding terminations under different, unrelated provisions of its Acceptable Use Policy. Such termination information is irrelevant to any issue in this case.

Interrogatory 7:

To the extent it is capable of being generated, Grande will provide a report that identifies the number of peer-to-peer infringement notices received by Grande from Rightscorp on a monthly basis from 2010 to present. To the extent it is capable of being generated, Grande also agrees to provide a report that identifies the total number of peer-to-peer infringement notices received by Grande on a monthly basis from 2010 to present.

Interrogatory 4:

Grande stands by its response to this interrogatory: "Grande states that it is unaware of any party that is liable to any Plaintiff in this lawsuit."

Interrogatory 6:

To the extent possible, Grande will supplement its answer to provide information dating back to 2010.

Interrogatory 11:

It is our understanding that a template hard-copy letter was produced to Plaintiffs. We are in the process of tracking down the specific bates number, which we agree to supply to Plaintiffs.

Interrogatory 14:

To the extent available, Grande agrees to supply Plaintiffs with a list of each individual named in its AUP as the proper recipient for complaints of alleged copyright infringement for the years from 2010 to present.

**Second**, we need confirmation regarding the completeness of various document productions. Please confirm that production is <u>complete</u> for the Rightscorp and RIAA subpoenas. Please also confirm that production is <u>complete</u> for Plaintiffs document and email production, other than with regard to our outstanding discovery disputes.

**Third**, will Plaintiffs agree to amend their discovery responses to identify instances in which Plaintiffs are withholding document production pursuant to an objection?

**Fourth**, when will Rightscorp be producing its source code and making its compiled/debug software available for inspection? On 4/27 Rightscorp indicated that those materials would be available "in a week or two."

**Fifth**, we await an articulation of your position regarding the nature and basis of any privilege or work product immunity that exists between Rightscorp and any Plaintiff/RIAA. We have been waiting for your position on this since our first meet and confer on the Rightscorp subpoena many months ago. Grande's position is that Plaintiffs have supplied no information or evidence that would support extending Plaintiffs' or the RIAA's privilege or work product protection to communications with third-party Rightscorp. If Plaintiffs contend they have evidence that supports assertion of privilege or work product protection as to communications with Rightscorp, Plaintiffs need to identify it immediately. It is further Grande's position that there is no reason for the parties to wait for the production of privilege logs to resolve (or seek court resolution of) this issue.

**Sixth**, we understand the parties to be at issue regarding all document requests and deposition topics (including those in the subpoenas to the RIAA and Rightscorp) seeking information (1) about systems other than Rightscorp's for detecting alleged copyright infringement using BitTorrent or other file-sharing software; and (2) about notices of alleged copyright infringement sent to ISPs or customers of ISPs other than Grande, including any complaints or issued raised regarding the Rightscorp system or its notices by other ISPs or customers of other ISPs.

**Seventh**, regarding Grande's Rule 30b6 notices to Plaintiffs, please note that we do not give any weight or merit to the "objections" Plaintiffs served in response. If Plaintiffs take issue with Grande's topics for deposition, Plaintiffs should pursue a protective order. With that said, we are willing to continue to work with Plaintiffs in good faith to address any outstanding concerns Plaintiffs may have regarding Grande's requested deposition topics.

In the spirit of compromise, Grande agrees to the following modifications of those topics:
- Topics 4 & 43: Prior to the deposition, Grande will identify specific discovery responses about which it wishes to question the witness.

- Topic 10: We revise the topic as follows: "The factual basis for Plaintiffs' decision to pursue claims for secondary copyright infringement against Grande."
- Topics 26 & 27: We agree that the witness does not need to be prepared to discuss information received from Defendants in discovery in this case. Otherwise, we stand by the topics as written.
- Topic 31: We agree to withdraw this topic contingent on any responsive opinion of counsel being identified in a privilege log.
- Topic 46: We revise the topic as follows: "Plaintiffs' knowledge and evaluation of third-party conduit internet service provider policies relating to 17 USC 512(i)(1)." We further agree that the witness does not need to be prepared to discuss any such knowledge or evaluation that was carried out by or at the direction of counsel provided that any related documents are identified in a privilege log.

**Eighth**, regarding Grande's document requests to Plaintiffs:

Request for Production 46:  During our meet and confer sessions, we agreed to consider rearticulating this request.  After further consideration, we stand by our original request.

Request for Production 56: "All documents and things relating to the detection of actual infringement occurring through peer-to-peer file sharing software/protocols such as BitTorrent."

Request for Production 63: "All documents and things relating to possible ways to limit or prevent peer-to-peer file sharing conducted through BitTorrent and/or other similar software/protocols."

**Ninth**, regarding Grande's subpoena to Rightscorp:

Request for Production 11: During the meet and confer, Plaintiffs raised concerns about this request calling for production of materials generated by Rightscorp in connection with the Cox litigation. We agree that this request does not seek those materials (although we note that such materials may be responsive to another document request, and to the extent they are not privileged or work product, need to be produced).

**Tenth**, regarding Grande's subpoena to the RIAA:

Topic 7: We agree to the RIAA's proposed modification of this topic.

Topic 21: We revise as follows: "The RIAA's authority to act on behalf of any Plaintiff regarding the policing or enforcement of any Plaintiff's rights with respect to the copyrighted works at issue in this case."

Topic 22: We agreed to consider the RIAA's proposal to limit this topic to the RIAA's engagement of Rightscorp with respect to claims against Grande. On further consideration, we do not agree to this limitation.

Topic 25: In advance of the deposition, we agree to identify any specific documents produced by the RIAA about which the witness should be prepared to testify that may not be within the scope of another deposition topic.

Thanks,
Richard



**Richard L. Brophy** | Partner - IP Litigation
7700 Forsyth Blvd., Suite 1800, St. Louis, Missouri 63105-1847
DIRECT: 314.342.4159 I FAX: 314.613.8579 I MAIN OFFICE: 314.621.5070 I CELL: 314.566.5117
rbrophy@armstrongteasdale.com
www.armstrongteasdale.com

***********************PRIVATE AND CONFIDENTIAL***********************
**This transmission and any attached files are privileged, confidential or otherwise the exclusive property of the intended recipient or Armstrong Teasdale LLP. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please contact us immediately by e-mail (admin@armstrongteasdale.com) or telephone (314-621-5070) and promptly destroy the original transmission and its attachments. Opinions, conclusions and other information in this message that do not relate to the official business of Armstrong Teasdale LLP shall be understood as neither given nor endorsed by it.**