**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 1:18-mc-00613-LY |
| | ) |
| GRANDE COMMUNICATIONS NETWORKS LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S**
**REPLY IN SUPPORT OF MOTION TO COMPEL**

## INTRODUCTION

The Court should reject the RIAA's attempts to avoid producing documents that are indisputably relevant to this case, based on vague and unsupported claims of privilege and work product protection.

The RIAA makes broad-sweeping claims of privilege and work product protection over a collection of unidentified documents related to Rightscorp, which it labels its "litigation consultant." However, the RIAA refuses to provide the very agreement that allegedly establishes this relationship. Without the agreement, there is no way to determine the metes and bounds of the RIAA-Rightscorp relationship, to which particular types of communications and documents some protection could attach, and, ultimately, whether the alleged agreement is of any consequence whatsoever. The conclusory declaration offered by the RIAA provides none of this information, and indeed is conspicuously silent about the terms of the agreement and the nature of any work Rightscorp has actually done for the RIAA.

Moreover, the RIAA's objections raise serious sword and shield concerns. Plaintiffs and the RIAA are relying on Rightscorp's work product to support their claims in this case, while at the same time refusing to produce Rightscorp materials, and communications with Rightscorp, that may undermine those claims. The Court should not permit this sort of gamesmanship.

Finally, it is unclear whether the RIAA has retracted its refusal to produce Rightscorp-related documents that do not explicitly reference Grande or Patriot. In any event, the RIAA does not substantively respond on this point, thereby conceding the issue.

The Court should therefore grant Grande's Motion to Compel and enter an order compelling the RIAA to produce the documents at issue.

## I. THE RIAA'S OBJECTIONS BASED ON PRIVILEGE AND WORK PRODUCT SHOULD BE OVERRULED

*Request Nos. 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 17, and 18*

A. <u>The RIAA Fails to Meet its Burden to Substantiate Its Privilege Claims</u>.

To support its claims of privilege and work product protection over communications with Rightscorp, the RIAA claims that it executed a "Litigation Support and Consulting Agreement" with Rightscorp related to potential litigation against Grande. The RIAA refuses to produce this document.[1] The RIAA's reliance on a witness declaration instead of the actual agreement strongly suggests that the terms of the agreement do not support the RIAA's position.

Indeed, it is telling that the declaration at issue—from RIAA attorney Victoria Scheckler—provides no information whatsoever about the terms of the referenced agreement. ECF No. 8-1, ¶ 4. Ms. Scheckler does not claim that the agreement expressly extended attorney-client privilege or work product protection over communications between or among the RIAA, Rightscorp, and Plaintiffs, or that it was intended to do so. *See id.* Ms. Scheckler does not claim that the agreement has any provisions regarding the confidentiality of communications between or among these parties. *See id.* Ms. Scheckler does not claim that the agreement purports to

---

[1] The RIAA lacks any basis for attempting to blame Grande for its failure to produce the agreement. *See* ECF No. 8 at 3 n.3. As a condition of producing the agreement, the RIAA demanded that Grande "agree not to assert waiver of privilege/work product as a result of RIAA producing that agreement." *See* ECF No. 8-3 at 2. Grande <u>agreed</u>, noting that such an agreement is unnecessary in view of the Protective Order. ECF No. 41 at 12-13 ("This Protective Order encompasses an Order under Federal Rule of Evidence 502(d) that any privilege or other protection that may have been raised in documents produced in this case is not waived as a result of disclosure of those documents in connection with this litigation . . . ."). However, Grande noted—obviously not knowing what information may be reflected in the agreement—that it reserved the right to argue that any protection might subsequently be waived if the RIAA or Plaintiffs were to affirmatively rely on the substance of any work product disclosed in the agreement, in a manner that would implicate a waiver of privilege based on the fairness considerations of Federal Rule of Evidence 502. The RIAA has since refused to produce the agreement.

govern the confidentiality of communications between the parties that preceded the execution of the agreement. *See id.* And finally, Ms. Scheckler provides no information indicating that Rightscorp has ever actually provided litigation support services to the RIAA or Plaintiffs—as opposed to simply selling the RIAA a collection of data Rightscorp previously obtained without the RIAA's knowledge or direction. *See id.*

Without this information, the RIAA has not even shown that the agreement is *relevant* to the privilege and work product claims before the Court. The RIAA certainly has not met its burden to demonstrate attorney-client privilege or work product protection over each and every communication among the RIAA, Rightscorp, and Plaintiffs regarding Rightscorp's monitoring of Grande's network, including communications that preceded the execution of the alleged agreement. Ms. Scheckler's declaration is *precisely* the sort of information held in *BDO* to be insufficient to meet this burden, as it consists entirely of broad, conclusory assertions that all relevant communications were confidential and related to legal services or advice. *See EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 695-97 (5th Cir. 2018); Scheckler Decl., ¶ 5 (ECF No. 8-1).

The *Innovative Sonic* case cited by the RIAA, concerning work product protection over the work of litigation consultants, further demonstrates these deficiencies. There, the consultant "conducted the testing at the request of Plaintiff's outside counsel in anticipation of litigation" and was not expected to testify at trial. *Innovative Sonic Ltd. v. Research in Motion, Ltd.*, No. 3:11-cv-706, 2013 WL 775349, at *2 (N.D. Tex. March 1, 2013). The opposite is true here: Rightscorp sent notices of alleged infringement to Grande before it ever approached the RIAA about potential litigation against Grande. The RIAA has not provided evidence that *any* of the requested materials constitute work product generated at the direction of the RIAA's counsel. *See generally* Scheckler Decl. (ECF No. 8-1). Moreover, unlike in *Innovative Sonic*, Plaintiffs

3

intend to call Christopher Sabec and Gregory Boswell of Rightscorp to testify at trial as fact witnesses.  ECF No. 126 at 2.

As for attorney-client privilege, the cited *Ferko* case likewise undermines the RIAA's position.  In *Ferko*, the court recognized that in some circumstances the privilege may extend to an attorney's agents, but that "[t]his exception only applies when communications are made for the purpose of obtaining legal advice *from the lawyer*."  *Ferko v. NASCAR, Inc.*, 218 F.R.D. 125, 135 (E.D. Tex. 2003) (emphasis in original) (citation omitted).  Thus, the party claiming such a privilege "must prove that the [services provided by the agent] enabled the giving of legal advice."  *Id.*  There is no such proof here, only conclusory assertions from Ms. Scheckler.  ECF No. 8-1 at ¶ 5 ("These communications were for the purpose of facilitating the provision of legal services and/or legal advice to Plaintiffs in connection with this lawsuit.").  Ms. Scheckler also does not claim that Rightscorp is or at any time was an agent of the RIAA.  *See id.*  Ms. Scheckler's conclusory assertions are plainly insufficient to establish privilege over every communication concerning Grande between or among the RIAA, Rightscorp, and Plaintiffs.

Finally, the RIAA's broad claims of privilege and work product protection are inappropriate and prejudicial because it is attempting to use these protections as both sword and shield.  It is manifestly unfair for the RIAA and Plaintiffs to rely on materials obtained from third party Rightscorp, as well as the fact testimony of Rightscorp witnesses, to support their claims, while withholding communications with Rightscorp about those very materials based on claims of privilege and work product protection.  This strategy frustrates Grande's ability to obtain indisputably relevant discovery regarding the accuracy and reliability of this evidence.  The Court should not permit such tactics.  *See, e.g.*, *Chevron Corp. v. 3TM Consulting, LLC*, No. 4:10-mc-134, 2011 WL 13135155, at *3 (S.D. Tex. Jan. 10, 2011) (ordering production of

claimed work product of consultant where the plaintiffs "were not safeguarding the fruits of [the consultant's] work that they found beneficial to their lawsuit," while withholding other information on that subject matter).

## II. THE RIAA'S OBJECTIONS LIMITING PRODUCTION OF RIGHTSCORP-RELATED DOCUMENTS TO THOSE EXPLICITLY REFERENCING GRANDE AND PATRIOT SHOULD BE OVERRULED

*Requests Nos. 6, 7, 8, 9, 10, 11, 12, and 13*

The RIAA's opposition is internally inconsistent regarding whether the RIAA maintains its objections to the production of Rightscorp-related materials that do not explicitly refer to Grande or Patriot. At the outset, the RIAA explains it will produce documents subject to its original objections (ECF No. 8 at 1), which include these objections. But then the RIAA represents that the Court need not consider this issue because the "RIAA has agreed to produce non-privileged, non-work product documents related to Rightscorp, if any such documents are located after a reasonable and diligent search." ECF No. 8 at 2.

Whether this confusion was intentional or inadvertent, the RIAA offers no substantive response on this issue and does not otherwise attempt to justify its decision to withhold these documents. Accordingly, the Court should overrule these objections and order the RIAA to produce the documents at issue.

## CONCLUSION

For the foregoing reasons, Grande respectfully requests that the Court grant Grande's Motion to Compel in full and order any other relief the Court deems just and proper.

Dated:  August 7, 2018.

By: /s/ Richard L. Brophy
Richard L. Brophy
Zachary C. Howenstine
Margaret R. Szewczyk
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
mszewczyk@armstrongteasdale.com

Attorneys for Defendant GRANDE COMMUNICATIONS NETWORKS LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 7, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ Richard L. Brophy